**Jerry Wayne CRONEY, Petitioner,**

v.

**Harold R. SWENSON, Warden, Respondent.**

**No. 1217.**

United States District Court W. D. Missouri, Central Division.

July 27, 1967.

Jerry Wayne Croney, pro se.

Norman H. Anderson, Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

Petitioner, an inmate at the Missouri State Penitentiary at Jefferson City, seeks to file a petition for a writ of habeas corpus *in forma pauperis*. Leave to so proceed will be granted.

Petitioner states in Paragraph 10(a) of his petition that he filed a motion to vacate sentence pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R. on February 1, 1967, in the Circuit Court of Howell County, Missouri. Petitioner alleges that the Circuit Court has refused to hear his motion and thus has violated his constitutional right to due process of law.

State courts have a reasonable period of time in which to act on postconviction motions. Subject to unusual circumstances not apparent in this case, the initial determination of whether a State trial court's failure to act on a postconviction motion violates either Missouri Rule 27.26 or concepts of due process of law is in the first instance for the appellate courts of Missouri to determine. Section 4 of Article V of the 1945 Missouri Constitution, V.A.M.S. expressly provides that both the Supreme Court of Missouri and the Courts of Appeal of Missouri shall have a general superintending control over all inferior courts.

That section of the Constitution also vests power in such courts to issue and determine original remedial writs, including but not limited to, mandamus.

 Petitioner has an available and adequate remedy in the Missouri courts by applying for a writ of mandamus. See Kivett v. Knuckles (Ct. of App. Kentucky 1966) 407 S.W.2d 405, for a case in which the Court of Appeals of Kentucky, acting under constitutional power similar to that vested in the appellate courts of Missouri, issued its writ of mandamus directing that a trial court act on a prisoner's postconviction motion.

For the above stated reasons it is

Ordered that the petitioner be, and is hereby, granted leave to proceed *in forma pauperis*; it is

Further ordered that the petition be, and is hereby, denied.