**Herman Anthony QUILLAR, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 16578–3.**

United States District Court
W. D. Missouri, W. D.

Aug. 21, 1967.

---

Herman Anthony Quillar, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for respondent.

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING "MOTION FOR STAY OF REMOVAL ON PAROLE VIOLATION WARRANT"**

BECKER, Chief Judge.

Petitioner states that he is in the custody of the United States in the Jackson County, Missouri, jail; that he was taken into custody by the United States Marshal as an alleged parole violator on parole violation Warrant No. 22471–TH, dated August 1, 1967; that while in federal custody he was taken before a Missouri Magistrate Court for a hearing on a state felony charge for "the purpose of surrendering petitioner from bond and remanding him to state custody"; thereafter "that petitioner was then and there remanded to custody of the United States Marshal and reconfined in the Jackson County Jail" pending removal to a United States penal institution on authority of the parole violation warrant.

Petitioner claims that he "is entitled to remain in the jurisdiction of the Missouri court until prosecution and trial of the aforesaid felony cause (in the state court) is consummated."

Petitioner· is mistaken about the existence of a right to be tried on the state felony charge while imprisoned by the United States.

 The prisons of the United States and the custody of prisoners under sentence are generally under the supervision of the Attorney General acting as an officer of the sovereign United States. There is no express or implied authority requiring the Attorney General of the United States to deliver a federal prisoner for trial on a pending state criminal charge. Ponzi v. Fessenden· (1922), 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Annotation 118 A.L.R. 1037, l. c. Part II 1046–1048.

 The Attorney General of the United States may, however, in his discretion permit a prisoner under a federal sentence to be taken for trial to a state court. Ponzi v. Fessenden, supra; Annotation 22 A.L.R. 879.

 Unless and until the Attorney General of the United States has exer-

 

cised his discretion, the petitioner may not compel delivery of his person to the state court for trial in the absence of exceptional circumstances showing an abuse of discretion. See the authorities cited hereinabove. No such exceptional circumstances appear or are alleged.

The relief requested herein would be cognizable in a petition for habeas corpus which should be filed on forms prescribed by Local Rule 22. Because of the lack of time for preparation pending planned removal of petitioner to a federal prison the petitioner will be permitted to file the manuscript motion in forma pauperis. It is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in *forma pauperis*. It is further

Ordered that the "Motion for Stay of Removal on Parole Violation Warrant" be, and it is hereby, denied.