**Otis LITTLE, Petitioner,**

**v.**

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 1293.**

United States District Court
W. D. Missouri,
Central Division.

March 28, 1968.

Otis Little, pro se.

## MEMORANDUM AND ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a state and federal convict confined in the Missouri State Penitentiary, Jefferson City, Missouri, has filed in this Court a petition for a writ of federal habeas corpus and for leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that after a plea of guilty to a three-count indictment charging him with a violation of Section 472, Title 18, U.S.C. (uttering counterfeit obligations or securities), he was sentenced on December 2, 1965, by the United States District Court for the Southern District of Ohio, to three five-year terms to be served concurrently; that after a plea of guilty in the Circuit Court of St. Louis County, Missouri, to an indictment charging him with "assault with intent to rob" and to an indictment charging him with "robbery first degree by means of a dangerous and deadly weapon", he was sentenced on April 11, 1966, by the St. Louis County Circuit Court to a twelve-year term on each indictment to

run concurrently with each other and with the three federal concurrent sentences; that he did not appeal the judgments of conviction or the imposition of the sentences in the federal or state courts; and that he was represented by counsel at his federal and state arraignments, pleas, and sentencings.

Petitioner states that he has filed a motion to vacate his federal sentences pursuant to Section 2255, Title 28, U.S. C., in the United States District Court for the Southern District of Ohio (the federal committing court), but the motion was denied on December 28, 1967; that he filed a petition for a writ of habeas corpus in the Missouri Supreme Court, but it was denied without prejudice to petitioner's right to file a motion pursuant to Missouri Criminal Rule 27.26, V.A.M.R. on September 11, 1967; that he has petitioned the United States Supreme Court for a writ of certiorari claiming that the Missouri Supreme Court's denial of his petition for habeas corpus was "an infringement of the right to habeas corpus"; and that on September 26, 1967, he filed a motion pursuant to Missouri Criminal Rule 27.26 in the state sentencing court but that it is still pending.

Petitioner's sole contention is that he has been denied "the right to habeas corpus by virtue of concurrent federal and state sentences."

The facts which petitioner states to support his contention are that after he was sentenced by the federal district court on December 2, 1965, "he was transported to the United States Penitentiary at Terre Haute, Indiana where he commenced service of sentence"; that on April 11, 1966, "petitioner was taken to the State of Missouri where was imposed upon him two 12-year sentences" which were to run "concurrently with each other and concurrently with the [three] 5-year federal [concurrent] sentence"; that he was then returned to the federal penitentiary in Terre Haute; that the "State of Missouri later requested custody of the petitioner and he was removed to the Missouri State Penitentiary at Jefferson City, Missouri, the balance of the federal sentence notwithstanding"; that the petition herein does not contain the same allegations as did the Section 2255 motion to vacate filed in the federal sentencing court; that the Section 2255 motion was denied because his claims therein were not cognizable under that motion, therefore petitioner's sole remedy is by habeas corpus; that "habeas corpus relief is not available because of petitioner's concurrent state sentence"; that relief from the federal sentences by way of habeas corpus is available "only after he is discharged from the state sentences"; that petitioner's right to habeas corpus with respect to the state sentences has been "suspended" by the imposition of the federal sentences; and that since his right to (potential) relief has been suspended because of the federal and state sentences, the federal and state sentences are "constitutionally invalid" and he should be discharged.

Although petitioner contends that his constitutional right to seek relief from the federal and state sentences which he is presently serving by habeas corpus has been "suspended", he does not allege any facts which show that the sentences are being executed in an illegal manner or that he has fully served either or both of them.

Considering petitioner's theory in light of the petition herein, the petition should be dismissed *without prejudice* for the reasons hereafter stated.

The grounds that the United States District Court for the Southern District of Ohio (the federal committing court) based its denial of petitioner's Section 2255 motion are not shown. It does appear, however, that petitioner failed to appeal from the denial of the Section 2255 motion. Therefore, petitioner has not exhausted his currently available federal remedies to review the validity of the federal sentence he is serving. Nor does petitioner show that relief by a Section 2255 motion is now inadequate or ineffective and that ha-

beas corpus is the proper remedy. It is noted that the Supreme Court of the United States clearly holds that the traditional doctrine of *res judicata* and the conventional notions of finality of litigation are not applicable to Section 2255 post-conviction proceedings. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Therefore, petitioner's claims, if any, that the federal sentences were imposed illegally must be first submitted to the federal sentencing or committing court (here the United States District Court for the Southern District of Ohio) and any adverse decision of the sentencing court appealed to the Court of Appeals for the Sixth Circuit, and a petition for certiorari filed in the United States Supreme Court to review any adverse decision of the Court of Appeals. Under the liberal doctrines of the trilogy, it is difficult to imagine circumstances under which the motion or motions under Section 2255 in the sentencing court and appeal or appeals to the Court of Appeals for the Sixth Circuit would prove inadequate or ineffective. Sanders v. United States, supra.

■■ The proper method of attacking the execution of a sentence is by habeas corpus and not in a Section 2255 proceeding. Halprin v. United States (C.A.9, 1961) 295 F.2d 458; Freeman v. United States (1958) 103 U.S.App.D.C. 15, 254 F.2d 352. The proper court for filing a petition for habeas corpus is in the district of his confinement. Freeman v. United States, supra.

Petitioner's claim herein, liberally considered, could be interpreted to present the contention that the transfer of petitioner by the federal authorities to the jurisdiction of the Missouri courts for trial on state charges and the subsequent conviction and transfer of petitioner to the Missouri State Penitentiary for concurrent service of all sentences, state and federal, were acts which affect the validity of the execution of petitioner's federal sentence. If this be petitioner's theory, there is no legal basis to support it.

■ The prisons of the United States and the custody of prisoners under federal sentences are generally under the supervision of the Attorney General acting as an officer of the sovereign United States possessed with the power to exercise a reasonable discretion in designating the institutions in which federal sentences shall be served. There is no express or implied obligation of the Attorney General of the United States to deliver a federal prisoner for trial on a pending state criminal charge. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879 (1922); Quillar v. United States (W.D.Mo., 1967) 272 F.Supp. 55.

The Attorney General of the United States may, however, in his discretion permit a prisoner under federal sentence to be transported for trial to a state court. Ponzi v. Fessenden, supra, 22 A.L.R. 879. Furthermore, the Attorney General has specific statutory authorization vesting in him the discretion of designating the place of confinement for service of federal sentences. Section 4082, Title 18, U.S.C., provides, in part, the following:

"§ 4082. *Commitment to Attorney General; transfer*

"Persons convicted of an offense against the United States shall be committed, for such terms of imprisonment as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinement where the sentences shall be served.

"The Attorney General may designate any available, suitable, and appropriate institutions, whether maintained by the Federal Government or otherwise, or whether within or without the judicial district in which the person was convicted.

"The Attorney General may order any inmate transferred from one institution to another.

" * * *."

■ In the absence of exceptional circumstances not present in this case showing an abuse of the Attorney General's discretion in designating a prisoner's place of confinement for purposes of serving a federal sentence, the prisoner is not deprived of any constitutional right. This is true even where the Attorney General transfers a prisoner to a state penitentiary so that the prisoner may serve a federal and state sentence concurrently. Lipscomb v. Stevens (C.A. 6, 1965) 349 F.2d 997, cert. den. 382 U.S. 993, 86 S.Ct. 573, 15 L.Ed.2d 479.

Petitioner states that he has filed a motion pursuant to Missouri Criminal Rule 27.26 seeking post-conviction relief from the imposition of the state sentences and that this motion is presently pending.

■ Except in unusual circumstances not claimed to be present here, the initial determination of whether a state trial court's failure to act on a post-conviction motion under Missouri Criminal Rule 27.26 violates either state law or concepts of due process of law is for the appellate courts of the state to determine. Croney v. Swenson (W.D.Mo., 1967) 271 F.Supp. 363.

■ Because petitioner has not alleged facts herein to show that unusual or exceptional circumstances exist, it must be assumed that petitioner has an adequate and effective state court remedy to attack his state court sentences by post-conviction motion. With respect to his state court sentences, petitioner should first exhaust all currently available state court post-conviction remedies before seeking relief by means of petitioning this Court for a writ of federal habeas corpus. Baines v. Swenson (C.A. 8, 1967) 384 F.2d 621; Collins v. Swenson (C.A.8, 1967) 384 F.2d 623; Hooper v. Nash, (C.A.8, 1963) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768; White v. Swenson (W.

D.Mo., Court en banc, 1966) 261 F.Supp. 42.

■ Further, even if the state convictions and sentences were held to be unconstitutional, petitioner would not be entitled to release on habeas corpus (as distinguished from a Section 2255 motion) because he is in custody under presumably valid federal sentences which have not been fully served.

■ Denial of a petition for habeas corpus in the Missouri Supreme Court without prejudice to a proceeding under Missouri Criminal Rule 27.26 is not an exhaustion of currently available state post-conviction remedies and procedures under amended Rule 27.26 (effective September 1, 1967). Russell v. Swenson (W. D.Mo., 1966) 251 F.Supp. 196; White v. Swenson, supra.

■ Petitioner has not stated facts showing that he is presently denied the right to seek relief by habeas corpus in either the federal or state courts. The right to seek relief by habeas corpus does not include an unconditional right to an order of release. If petitioner wishes to attack the legality of the method of serving the federal and state sentences, he must allege facts in a petition for either federal or state habeas corpus which show a deprivation or infringement of his constitutional or statutory rights. He has not done so.

If petitioner wishes to attack the validity of his federal sentences, he may do so by a Section 2255 motion filed in the committing court in the manner described above.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for a writ of federal habeas corpus herein be, and it is hereby, dismissed without prejudice.