William H. SOCKEL, Petitioner,

v.

**MISSOURI STATE BOARD OF PROBA-
TION AND PAROLE and Warden, Mis-
souri State Penitentiary, Jefferson City,
Callaway County, Missouri, Respond-
ents.**

Civ. A. No. 1364.

United States District Court
W. D. Missouri, C. D.

Nov. 19, 1968.

William H. Sockel, pro se.

Norman H. Anderson, Atty. Gen., State of Missouri, Jefferson City, Mo., for respondents.

ORDER GRANTING LEAVE TO PRO-
CEED IN FORMA PAUPERIS
AND DISMISSING PETITION
FOR HABEAS CORPUS WITH-
OUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri Training Center for Men, seeks a writ of federal habeas corpus to invalidate the revocation of parole under which he is presently confined. He requests leave to proceed in forma pauperis. Petitioner also moves for immediate setting of bail or release on personal recognizance pending determination of the petition for habeas corpus. Leave to proceed in forma pauperis will be granted.

The present petition was originally filed in the United States District Court for the Eastern District of Mis-

souri. By order of that Court dated October 23, 1968, the cause was transferred here. Accordingly, Local Rule 22 requiring preparation of the petition on forms supplied by the court, will in this instance be waived.

Petitioner states that on a plea of guilty he was convicted of a charge of stealing $50 or over and was sentenced to a term of 3 years' imprisonment; that subsequently petitioner was paroled from his sentence; that thereafter he was arrested and his parole was revoked after a hearing by the Missouri State Board of Probation and Parole, respondents herein; that he has filed no previous federal habeas corpus petitions, motions under Section 2255, Title 28, U.S.C., or any other postconviction motions setting forth the contentions herein. Petitioner does not state whether he appealed from the judgment of conviction or imposition of sentence or whether he was represented by counsel at his arraignment and plea, at his trial, and at his sentencing. Petitioner states that he was not represented by counsel at his parole revocation hearing.

Petitioner states the following as grounds for the allegation that his present detention is unlawful: (1) that evidence procured by illegal search and seizure was used against petitioner at his parole revocation hearing; (2) that petitioner was denied the right to counsel at his parole revocation hearing; (3) that petitioner was given no prior notice of the nature of the accusations respondent would make at the parole revocation hearing "so that petitioner and/or counsel would have process for obtaining witnesses, and/or evidence in petitioner's favor"; (4) that petitioner was denied the right to cross-examine the witnesses against him and to be present during the testimony of the witnesses he presented at the parole revocation hearing; (5) that respondent withheld from petitioner the information and considerations upon which the parole revocation was based; and (6) that "unconstitutional procedures and denials per-petrated and perfected to petitioner" invalidated the parole revocation.

Petitioner states the following as supporting the grounds alleged: that although the probation officer who arrested petitioner had proper statutory authority to do so without a warrant under Section 549.265 of the Missouri Revised Statutes, V.A.M.S., a warrantless search, unconnected with the arrest, of petitioner's residence was later conducted and that evidence obtained thereby was used against petitioner at the parole revocation hearing; that parole officer Robert Perry instructed authorities at the Columbia, Missouri, jail, where petitioner was held following his arrest, not to allow petitioner to make a telephone call or consult with counsel; that parole officer Robert Perry threatened petitioner's friends and thereby an involuntary confession was extorted from petitioner; that parole officer Robert Perry refused petitioner's request to take petitioner before a court; that on April 4, 1968, without notice being served on petitioner as required by Section 549.265 of the Missouri Revised Statutes, petitioner was transported to the Missouri State Penitentiary; that on April 10, 1968, "under coercive situations," petitioner waived a parole revocation hearing; that counsel was later retained for petitioner by his friends; that, then, respondent, at said counsel's request, withdrew the waiver of a parole revocation hearing; that on June 5, 1968, petitioner was notified by mail of a parole revocation hearing to be held on July 26, 1968; that petitioner's counsel Robert Northcutt had informed petitioner on May 8, 1968, that respondent herein had denied him information with respect to the accusations to be made against petitioner at the hearing; that the respondent board, "solely guided" by a typewritten report from parole officer Robert Perry, which petitioner was not allowed to see, told petitioner that he was "charged" with "association with a person convicted of a felony" and "failing to follow directives of a parole officer;" that, contrary to Section 549.285

of the Missouri Revised Statutes, which provides that the supervision history of a parolee may be inspected by that parolee at the discretion of the respondent, that document was not allowed to be inspected by the petitioner; that evidence was supplied by "fictional" accusers; and that the respondent's decision was based upon hearsay evidence alone.

■■ Petitioner states that there is no provision in law for an appeal from the decision of the respondent. A perusal of Chapter 549 of the Missouri Revised Statutes reveals no express provision for such appeal. Section 549.265 provides that the parole revocation hearing shall be held "under such rules and regulations as the board may adopt." It does not appear that such rules and regulations include a provision for appeal. Neither does it appear that petitioner has an available state remedy under Rule 27.26 of the Missouri Rules of Criminal Procedure, V.A.M.R., since he is not contending that his original sentence was unconstitutionally or unlawfully imposed, or imposed by a court without the jurisdiction to do so. Petitioner has not, however, sought recourse to the courts of the State of Missouri by way of filing a petition for habeas corpus therein under Section 532.010 of the Missouri Revised Statutes.[1] This is the usual manner of seeking redress or relief from a decision of the State Board of Probation and Parole in Missouri. Ex parte Diehl (Mo.App.1953) 255 S.W.2d 54.

■ In the absence of exceptional circumstances not present in this case, until petitioner has exhaused the currently available remedies in the courts of the state which has custody of him, he cannot secure a determination of his claims of violation of federally protected constitutional rights by federal habeas corpus. Section 2254, Title 28, U.S.C.; State v. Thompson (Mo.Sup.) 324 S.W.2d

133; Baines v. Swenson (C.A. 8, 1967) 384 F.2d 621; Collins v. Swenson (C.A. 8, 1967) 384 F.2d 623; Hooper v. Nash (C.A. 8, 1963) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768; Russell v. Swenson (W.D.Mo., 1966) 251 F.Supp. 196; White v. Swenson (W.D.Mo., Court en banc, 1966) 261 F.Supp. 42.

For the foregoing reasons, it is hereby

Ordered that the petition for a writ of federal habeas corpus herein be, and it is hereby, dismissed without prejudice.

■ Since this Court lacks jurisdiction for setting bail for the present petitioner who has prematurely invoked federal jurisdiction, see Valenti v. Spector, 79 S.Ct. 7, 3 L.Ed.2d 37, it is further

Ordered that petitioner's motion for setting bond be, and it hereby is, denied for lack of jurisdiction.

Missouri Supreme Court for failure to state a claim does not indicate exhaustion of remedies. Cox v. Nash (W.D.Mo., 1964) 226 F.Supp. 87.

---

1. The state application should be filed in the circuit court of the county where petitioner is held. Rule 91.59, Mo.R. Civ.P. Dismissal of application by the