**Michael James MOORE, Petitioner,**

v.

**STATE OF MISSOURI and D. J. McCarthy, Superintendent, California Correctional Institution, San Luis Obispo, California, Respondents.**

**No. 20071-4.**

United States District Court,
W. D. Missouri, W. D.

Feb. 10, 1972.

Michael James Moore, pro se.

Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, Mo., for respondents.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ELMO B. HUNTER, District Judge.

Petitioner, a convicted state prisoner who is currently confined in the California Correctional Institution at San Luis Obispo, California, seeks leave to file in forma pauperis a petition for writ of habeas corpus challenging a detainer lodged by the State of Missouri against him. Leave to proceed in forma pauperis is hereby granted.

Petitioner states that in November or December of 1964 he was sentenced to a term of imprisonment by the Circuit Court of Jackson County, Missouri; that he does not know the period of imprisonment to which he was sentenced; that his sentence was to expire full term on November 11, 1971; that sometime after serving a part of his sentence in confinement he was released on parole by the Missouri Board of Parole; that while on parole he was declared an "absconder" by the Board and a parole violator's warrant was issued by the Board; that on August 18, 1969, he was taken into custody by Missouri authorities for revocation of his parole; that while he awaited the revocation of his parole a warrant was lodged against him by the State of California for the crimes of robbery and kidnapping; that the Missouri authorities promptly relinquished custody of petitioner to the State of California on the warrant; that on March 1, 1970, petitioner entered a plea of guilty to the California charges and began serving the sentence imposed upon him by the California court; that shortly thereafter, on April 15, 1971, the State of Missouri filed a detainer against petitioner based upon the revocation of his parole; that on May 29, 1971 petitioner wrote the Missouri Board of Parole inquiring into the status of his Missouri sentence; and that on June 4, 1971, the Missouri Board of Parole, by letter, advised petitioner that a detainer would remain in effect until the completion of petitioner's California sentence and that petitioner would not be given credit against his Missouri sentence for the time served on the California sentence. Based upon this factual recitation, it is petitioner's contention (1) that the State of Missouri waived jurisdiction over petitioner to execute the remainder of his Missouri sentence by relinquishing custody of him to the State of California, and (2) that he is entitled to credit against his Missouri sentence for the time spent in the service of his California sentence.

Initially, it should be noted that there is some question as to whether this Court has jurisdiction to entertain petitioner's application for habeas relief since petitioner was not in the territori-

al jurisdiction of this Court at the time he filed his petition for writ of habeas corpus. Generally, when an applicant for habeas corpus relief under 28 U.S.C. § 2241 is not within the territorial jurisdiction of the District Court at the time the petition for writ of habeas corpus is filed, the court has no jurisdiction to issue the writ. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); Booker v. State of Arkansas, 380 F.2d 240, 243 (8th Cir. 1967). However, it has been held that in situations such as this, where a person in custody outside the jurisdiction of the forum court is attacking a detainer lodged by the forum state, he is "in custody" in the demanding state for jurisdictional purposes in an action attacking the validity of the detainer. Word v. North Carolina, 406 F.2d 352, 359 (4th Cir. 1969); United States ex rel. Van Scoten v. Pennsylvania, 404 F.2d 767 (3rd Cir. 1968). And, although the Supreme Court in *Nelson* v. *George*, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970) expressly held that a state prisoner could challenge a detainer by means of a petition for writ of habeas corpus in the state of actual confinement, it reserved judgment as to whether a habeas proceeding could be maintained in the demanding state absent the petitioner's physical presence in that state. *Id.* at page 228, n. 5, 90 S.Ct. at page 1966. Further, it is also questionable whether petitioner has fully exhausted his available and adequate state remedies for attacking the detainer now in issue. Petitioner alleges that he has filed a petition for writ of habeas corpus in the Supreme Court of Missouri challenging the validity of the detainer and that his application for habeas relief was denied "for failure of petition to state a claim on which any relief can be granted." Whether this denial of habeas relief by the Supreme Court of Missouri is sufficient to exhaust petitioner's state remedies is also questionable. See: Wilwording v. Swenson, 404 U.S. 249, 92 S. Ct. 407, 30 L.Ed.2d 418 (1971); Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). For, it is entirely possible that petitioner may raise the issues herein in the state courts by means of an action for declaratory judgment in the Circuit Court of Cole County, Missouri, the state trial court having jurisdiction over the Missouri Board of Parole. See, for example: Boone v. Danforth, 463 S.W.2d 825 (Mo.1971).

Even assuming *arguendo*, however, that petitioner is entitled to maintain this habeas corpus proceeding in this Court and that he has overcome the jurisdictional and exhaustion problems mentioned above, it is clear that he is not entitled to relief upon the merits of his contentions. As stated in *Bullock* v. *State of Mississippi*, 404 F.2d 75 (5th Cir. 1968) at page 76:

"It is well established that where state authorities surrender a prisoner to [authorities of another sovereign] for trial, sentence, and execution of sentence before he is returned to state custody, the prisoner has no standing to contest the agreement between the sovereigns as to the order of prosecution and execution of sentences; that is, he may not challenge either his original removal from state custody, or his return thereto after the completion of [the sentence imposed by the other sovereign]. See Derengowski v. U. S. Marshal, 8th Cir. 1967, 377 F.2d 223; Hall v. Looney, 10th Cir. 1958, 256 F.2d 59; United States ex rel. Moses v. Kipp, 7th Cir. 1956, 232 F.2d 147; Gunton v. Squier, 9th Cir. 1950, 185 F.2d 470; United States ex rel. Lombardo v. McDonnell, 7th Cir. 1946, 153 F.2d 919; Stamphill v. Johnston, 9th Cir. 1943, 136 F.2d 291, cert. den. 320 U.S. 766, 64 S.Ct. 70, 88 L.Ed. 457."

Further, from the circumstances alleged by petitioner there is no indication that the State of Missouri "intentionally waived" jurisdiction over him. Rather, petitioner affirmatively sets forth that Missouri authorities lodged a detainer against petitioner immediately after he was convicted in the State of California.

Unlike the situation in *Shields* v. *Beto*, 370 F.2d 1003 (5th Cir. 1967), there is no indication from petitioner's averments that Missouri authorities have "lost interest in him." Thus, the State of Missouri has not "waived jurisdiction" over petitioner and is entitled to execute the remainder of his Missouri sentence after the completion of petitioner's California sentence. Williams v. Department of Corrections, 438 F.2d 78, 79 (9th Cir. 1971); Bilton v. Beto, 403 F.2d 664 (5th Cir. 1968); Opheim v. Willingham, 364 F.2d 989 (10th Cir. 1966); Clifton v. Beto, 411 F.2d 1226 (5th Cir. 1969); Hanks v. Wideman, 434 F.2d 256 (5th Cir. 1970). Further, the State of Missouri is not obliged to credit petitioner for the time served on his California sentence. Williams v. Department of Corrections, *supra*.

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby denied.

It is so ordered.