**William Harold PHIFER, #38218**

v.

**STATE OF MARYLAND BOARD OF PAROLE.**

**Civ. No. K–74–1043.**

United States District Court,
D. Maryland.

Feb. 20, 1975.

Supplemental Memorandum and Order
March 4, 1975.

Memorandum and Order March 13, 1975.

William Harold Phifer, pro se.

Francis B. Burch, Atty. Gen. of Md., and Henry J. Frankel, Asst. Atty. Gen. of Md., for defendant.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

Phifer, presently confined in the federal pentientiary at Lewisburg, Pennsylvania, seeks habeas corpus relief in this Court for the frst time. Phifer alleges that sometime shortly after his commitment to Lewisburg in April 1972, the Maryland Board of Parole issued a parole revocation warrant against him and that subsequently a detainer was filed against him at Lewisburg. Phifer further alleges that since that date he has not been granted a hearing on that revocation. Consequently, he alleges, he has been prejudiced, apparently contending that he will have greater difficulty in obtaining legal counsel and in locating witnesses to testify in his behalf at a revocation hearing held at some indeterminate time in the future than he would have had if the revocation hearing had been held promptly after the revocation warrant issued. The defendant Board of Parole of the State of Maryland urges that at no time has Phifer formally requested a revocation hearing, that he has not alleged any prejudice to his status at Lewisburg due to the outstanding detainer and that it is the policy of the Maryland Board, should it be notified that an inmate in another jurisdiction is deprived of any privileges because of an outstanding Maryland parole revocation detainer, to notify that custodial institution that the Maryland warrant is not intended to be used for such

purposes, and, if the custodial institution requests, it will lift the warrant and substitute a request that the Board be notified ten days prior to the inmate's release.

The Board of Parole's contention relating to Phifer's failure formally to request a revocation hearing prior to instituting this suit is of little present import. Service upon the Board as the defendant herein of Phifer's complaint in this case has now put the Board on notice that Phifer is demanding a revocation hearing. The substantial question before this Court is whether Phifer has a present right to such a hearing now or whether the Board of Parole may postpone such a hearing, which of course must ultimately be afforded before Phifer's parole is revoked. Phifer has not yet presented that question in any proceeding in any Maryland court. Thus, while Phifer would appear, pursuant to the teachings of Word v. North Carolina, 406 F.2d 352 (4th Cir. 1969) (en banc) (Haynsworth, C. J.), to have properly selected Maryland, as opposed to Pennsylvania (the location of the institution in which Phifer is currently confined), he must present that contention first in the courts of the State of Maryland under 28 U.S.C. § 2254, see Word v. North Carolina, *supra* at 361, unless the defendant herein does not desire to raise the exhaustion issue. *See* Jenkins v. Fitzburger, 440 F.2d 1188 (4th Cir. 1971). Accordingly, counsel for the defendant is asked to inform this Court, on or before *February 27, 1975,* whether or not the defendant requests this Court, before this Court considers and determines the same, to require Phifer to present to and exhaust in the Courts of the State of Maryland the issue presented herein in the light, *inter alia,* of Small v. Britton, 500 F.2d 299 (10th Cir. 1974); Cook v. United States Attorney General, 488 F.2d 667 (5th Cir. 1974); Cooper v. Lockhart, 489 F.2d 308, 310 (8th Cir. 1973); Gaddy

v. Michael, 384 F.Supp. 1390 (W.D.N.C. 1974); Fitzgerald v. Sigler, 372 F.Supp. 889 (D.D.C.1974); Jones v. Johnston, 368 F.Supp. 571 (D.D.C.1974); Sutherland v. District of Columbia Board of Parole, 366 F.Supp. 270 (D.D.C. 1973).[1]

## SUPPLEMENTAL MEMORANDUM AND ORDER

Reference is made to a letter dated February 26, 1975 to this Court from Henry J. Frankel, Esq., Assistant Attorney General of the State of Maryland. Reference is also made to a communication received in this Court today from Phifer, along with an attachment thereto. Respondent is hereby required to inform this Court in writing, on or before March 10, 1975, whether, if this Court does require exhaustion of state remedies, the Office of the Attorney General of the State of Maryland will urge, in connection with any state court quest for relief by Phifer, that the issues referred to in this Court's Memorandum and Order filed February 20, 1975 be promptly and fully litigated. In the opinion of this Court, those issues should be first spoken to by the Courts of the State of Maryland. However, in view of the fact that Phifer apparently has unsuccessfully sought consideration of those views in a state court, it would also appear that Phifer is entitled to a speedy determination of the issues involved.

## MEMORANDUM AND ORDER

Reference is made to this Court's Memorandum and Order filed March 4, 1975. Attached hereto are a letter dated March 11, 1975 from Henry J. Frankel, Esq., Assistant Attorney General, and a letter of even date herewith from this Court to Frankel. Under the circumstances, this Court will not further consider the issues presented herein unless and until Phifer exhausts his

1. *See also* Hawkins-El v. Hawkins, 395 F.Supp. 827 (Memorandum and Order filed February 20, 1975).

state remedies in the Courts of the State of Maryland pursuant to 28 U.S.C. § 2254. If Phifer desires to have the contentions raised in this case considered by this Court, he should proceed as follows:

1. Phifer should file a petition for post-conviction relief in the Circuit Court for Baltimore County raising therein any and all claims he wishes to have considered.

2. If relief is denied by that Court, Phifer should apply for leave to appeal to the Court of Special Appeals of Maryland within thirty days after such denial.

3. If leave to appeal is denied by that Court, Phifer may then apply for a writ of habeas corpus in this Court.

4. If leave to appeal is granted by the Court of Special Appeals of Maryland, but relief is denied, Phifer should file a petition for certiorari to the Court of Appeals of Maryland.

5. If that Court denies certiorari, or, after granting certiorari, denies relief, Phifer may then apply for a writ of habeas corpus in this Court.

By following this procedure, Phifer will have exhausted his available state remedies before applying for a writ of habeas corpus in this Court. Failure to follow the procedure set out above, after this express instruction and warning, may be viewed by this Court as an intentional and knowing relinquishment of any possible right to seek thereafter federal habeas corpus relief on the same ground or on any grounds that could have been raised in the state courts.

It is, therefore, this 13th day of March, 1975, by the United States District Court for the District of Maryland, Ordered:

Phifer's petition for habeas corpus relief is hereby denied without prejudice to his filing a new petition for habeas corpus relief in this Court presenting the contentions he raises herein after exhausting all available and effective state remedies as set forth hereinabove and after he is finally denied that relief in the Courts of the State of Maryland.