Henry A. REDDING, Petitioner,

v.

William R. VERMILLION, Chairman, and Members of the Missouri State Board of Probation and Parole, Respondents.

Civ. A. No. 75CV467–W–3.

United States District Court,
W. D. Missouri, W. D.

July 27, 1976.

H. David Robards, Asst. Federal Public Defender, Kansas City, Mo., for petitioner.

Robert L. Presson, Asst. Atty. Gen., Jefferson City, Mo., for respondents.

## FINAL JUDGMENT GRANTING PETITION FOR A WRIT OF HABEAS CORPUS TO COMPEL RESPONDENTS TO GRANT PETITIONER A TIMELY PAROLE REVOCATION HEARING

WILLIAM H. BECKER, Chief Judge.

This is a petition for a writ of habeas corpus under Section 2241, Title 28, United States Code, by a state inmate currently in custody in the Cummins Unit of the Arkansas Department of Corrections. Petitioner seeks an adjudication that he is being denied his federal constitutional right to a timely parole revocation hearing by the Missouri Board of Probation and Parole. Petitioner was granted leave to proceed in forma pauperis in the show cause order issued July 15, 1975.

I.

Petitioner states that he was convicted by a jury of armed robbery in St. Louis City Circuit Court, St. Louis, Missouri, in 1961; that he was sentenced to a term of 20 years imprisonment; that he moved to set aside his judgment and conviction under Supreme Court Rule 27.26, V.A.M.R., in the Circuit Court of St. Louis City in 1969; that the motion was denied and the denial affirmed on appeal by the Missouri Supreme Court in *Redding v. State of Missouri*, 452 S.W.2d 229 (Mo.1970); that he was released on parole from that sentence in 1970; that in October, 1972, he was convicted of armed robbery by a jury in Poinsett County, Arkansas, for which he received a sentence of six years imprisonment; that a parole violation warrant was issued by the Missouri Board of Probation and Parole in June, 1972; that a detainer was placed against him by the Arkansas authorities at the request of the Missouri Board of Probation and Parole on the basis of the parole violation warrant; and that the Missouri Board of Probation and Parole ". . . refuses to take any action to have me returned or released."

Petitioner further states, and the record shows, that he filed a petition challenging the Missouri detainer in the United States District Court for the Eastern District of Arkansas in September, 1974; that he was advised by a letter from the United States Magistrate of the Eastern District of Arkansas that he could obtain more complete relief from the detainer in the state and federal courts of Missouri; that he thereafter filed a "Petition to Revoke Detainer" in the Circuit Court of Cole County, Jefferson City, Missouri, on May 28, 1975; and that his "Petition to Revoke Detainer" was returned by the judge of the Circuit Court

of Cole County on June 10, 1975, for the reason stated that the court was without jurisdiction to supervise the activities or actions of the Board of Probation and Parole.

The petition herein was filed on July 14, 1975. Counsel was appointed to represent petitioner on November 5, 1975.

## II.

Jurisdiction exists over petitioner's claims despite petitioner's absence from this jurisdiction under *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In *Braden*, the Supreme Court ruled that jurisdiction exists to entertain a petition for a writ of habeas corpus despite the petitioner's absence from the jurisdiction so long as the court has jurisdiction over the petitioner's custodian. This Court has jurisdiction over the Missouri State Board of Probation and Parole which is considered petitioner's custodian since it is the Board's refusal to accord him a timely parole revocation hearing which petitioner challenges in the petition. *Compare: Moore v. State of Missouri*, 337 F.Supp. 947 (W.D.Mo.1972).

## III.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky, supra; Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1970); *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).[1] State remedies are ordinarily not considered exhausted so long as he may effectively present his claim to the state courts by any currently available and adequate procedure.

It is uncontroverted that petitioner has not presented his claim to state courts beyond the filing of a "Petition to Revoke Detainer" in the Circuit Court of Cole County, Missouri, which was summarily dismissed. Respondent contends that petitioner should either be required to appeal the dismissal of his "Petition to Revoke Detainer" or to file a petition for a writ of mandamus in state court to compel the respondents to grant the relief he seeks before invoking federal habeas corpus jurisdiction. Petitioner contends that the Cole County Circuit Court's dismissal of his "Petition to Revoke Detainer" demonstrates that he has no adequate state remedy. It is concluded that the exhaustion requirement does not preclude the grant of federal habeas corpus relief in this action for two reasons.

First, whether the relief sought by petitioner is available in state court is purely a matter of conjecture. Respondent has not cited, and independent research has failed to reveal, any Missouri cases which suggest that the Missouri courts would grant petitioner the relief he seeks through mandamus, habeas corpus or any other such remedy. Writs of mandamus are authorized by Section 529.010, V.A.M.S., and Missouri Supreme Court Rule 94.01, *et seq.* However, there are no reported cases in which the Missouri State Board of Probation and Parole has been compelled through mandamus to grant a timely parole revocation hearing to a prisoner not in custody within the state. Similarly, there are no reported cases which establish that such relief is available in habeas corpus under Section 532.010, V.A.M.S.[2]

---

1. The exhaustion requirement exists regardless whether the petition is considered to fall within either Section 2241 or 2254, Title 28, United States Code. The exhaustion requirement under Section 2241 has been "judicially crafted." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443, 449 (1973). The exhaustion requirement under Section 2254 is statutorily imposed by Section 2254(b). *Fay v. Noia, supra*, 372 U.S. at 419–420, 83 S.Ct. at 838–839, 9 L.Ed.2d at 857.

2. Habeas corpus relief is available to prisoners in custody in the State of Missouri to challenge actions of the Board of Probation and Parole. Section 532.010, V.A.M.S. *Ex parte Diehl*, 255 S.W.2d 54 (Mo.App.1953); *Sockel v. Missouri Board of Probation and Parole*, 297 F.Supp. 10 (W.D.Mo.1968); Rule 91.01 *et seq.*, V.A.M.R. However, only persons ". . . committed, detained, confined or restrained of [their] liberty, *within this state* . . . may prosecute a writ of habeas corpus . . . ." (emphasis added) under the terms of Section 532.010,

■ Under similar circumstances, the Supreme Court has ruled that a state prisoner should not be required to exhaust unproven possibilities of relief in state court as a prerequisite to obtaining federal habeas corpus relief. In *Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971), the Supreme Court was presented with the question whether federal habeas corpus jurisdiction should be invoked to consider state prisoners' claims concerning the conditions of their confinement despite failure to exhaust previously untested state remedies. The district court had dismissed the petition on the grounds that petitioners had an available and adequate remedy through a petition for a writ of habeas corpus in the state circuit and appellate courts. *Wilwording v. Swenson*, 331 F.Supp. 1188 (W.D.Mo.1969). The district court's dismissal was affirmed by the United States Court of Appeals for the Eighth Circuit on the ground that adequate state remedies were available through mandamus, prohibition, or injunction. *Wilwording v. Swenson*, 439 F.2d 1331 (8th Cir. 1971). The Supreme Court reversed, holding that exhaustion should not be required since none of the suggested state remedies had ever been successfully invoked to consider claims arising out of conditions of confinement:

"Whether the State would have heard petitioners' claims in any of the suggested alternative proceedings is a matter of conjecture; certainly no available procedure was indicated by the State Supreme Court in earlier cases. See *McMichaels v. Hancock*, 428 F.2d 1222, 1223 (CA1 1970). Furthermore, we are not referred to a single instance, regardless of the remedy invoked, in which the Missouri courts have granted a hearing to state prisoners on the conditions of their confinement. In these circumstances § 2254 did not require petitioners to pursue the suggest-

ed alternatives as a prerequisite to taking their claims to federal court." *Wilwording v. Swenson, supra*, 404 U.S. at 250, 92 S.Ct. at 409, 30 L.Ed.2d at 421.

It may well be that in the future, Missouri courts will recognize mandamus or habeas corpus as an appropriate remedy to review the failure of the Missouri State Board of Probation and Parole to grant a timely parole revocation hearing to prisoners not in custody in the State of Missouri. However, the conjectural availability of those remedies at this time requires that the petition herein not be dismissed for failure to exhaust such remedies.[3]

■ Second, to require petitioner to exhaust untested state remedies would be time-consuming and may well result in inordinate delay of relief to which petitioner is clearly entitled. The exhaustion requirement is not jurisdictional, but is based merely on considerations of comity. *Fay v. Noia, supra*, 372 U.S. at 420, 83 S.Ct. at 838, 90 L.Ed.2d at 857–858. Petitioner's claim has already been rejected once by the Cole County Circuit Court and there is no evidence that a renewed action in that court would not meet with the same decision. Petitioner would then be required to exhaust time-consuming state appellate remedies to obtain relief which is clearly required under applicable decisions of the United States Court of Appeals for the Eighth Circuit. It is thus concluded that exceptional circumstances exist which warrant the grant of federal habeas corpus relief despite failure to exhaust untested state remedies if relief is otherwise appropriate.

## IV.

■ In the *pro se* petition, petitioner complains about the failure of the Missouri State Board of Probation and Parole either to accord him a timely parole revocation

V.A.M.S. Petitioner, who is confined in the State of Arkansas, would not appear to be able to prosecute the writ in the courts of the State of Missouri under the above statute. However, prisoners confined within the State of Missouri should be required to exhaust this remedy.

**3.** Exhaustion of state remedies was required in a similar case, *Phifer v. State of Maryland Board of Parole*, 395 F.Supp. 831 (D.Md.1975). However, it appears that the petitioner in that case had a full and adequate state remedy which was set forth in the reported opinion.

hearing on an outstanding parole violator's warrant or to withdraw the warrant.[4] Construing the petition liberally as required by *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the petition is considered to assert that the due process clause requires either that the parole violator's warrant be quashed or that a timely parole revocation hearing be ordered.

■ Applicable decisions of the Eighth Circuit clearly establish that a timely parole revocation hearing following issuance of a parole violation warrant is a requirement of due process. In *Cooper v. Lockhart,* 489 F.2d 308 (8th Cir. 1973), it was held that the failure of the State of Michigan to grant a timely parole revocation hearing to a prisoner confined in the State of Arkansas required removal of a detainer placed with Arkansas authorities on the basis of the Michigan parole violator's warrant which resulted in adverse conditions of confinement.

In *Cleveland v. Ciccone,* 517 F.2d 1082 (8th Cir. 1975), the Eighth Circuit ruled that due process required the United States Board of Parole to accord a timely parole revocation hearing to a federal prisoner who was in federal custody in connection with another offense and with respect to whom a parole violation warrant had been issued. It was expressly ruled that *Cooper* was not limited to cases in which a detainer based on a parole violation warrant caused adverse conditions of confinement, but was grounded in the requirements of due process enunciated in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The Court rejected the contention that the requirements of due process were only invoked by execution of the parole violation warrant as held in *Small v. Britton,* 500 F.2d 299 (10th Cir. 1974), and *Cook v. United States Attorney General,* 488 F.2d 667 (5th Cir. 1974), *cert. denied,* 419 U.S. 846, 95 S.Ct. 81, 42 L.Ed.2d 75 (1974), cited by respondents. Finally, the Court rejected the contention made by respondents that a hearing should not be required when a parole violation warrant is based on a subsequent conviction, because the prisoner should have an opportunity to show mitigating circumstances.

■ Although petitioner is entitled to a timely parole revocation hearing, no facts have been alleged which, if true, would justify quashing the parole violation warrant.[5] In *Cleveland v. Ciccone, supra,* the Eighth Circuit ruled that "[a]bsent a showing of demonstrated prejudice severe enough to render the revocation hearing itself inadequate in terms of relief, we cannot say that the warrants should have been quashed or other habeas relief granted to preclude revocation of the paroles involved in this case." 517 F.2d at 1089. Petitioner has made no allegation that the delay in according him a parole revocation hearing has resulted in prejudice to his ability to present a defense based on mitigation.

For the foregoing reasons, it is therefore

ADJUDGED that the petition herein for a writ of habeas corpus be, and it is hereby, granted to quash the parole violation warrant issued by the Missouri State Board of Probation and Parole for petitioner's arrest unless, within 45 days from the filing of this order, respondents accord petitioner a timely parole revocation hearing consistent with applicable constitutional standards.

---

4. The petition states, in pertinent part:

   "I am being held on a detainer from Missouri (attached as Exhibit A), which prevents my release from Arkansas, and the State of Missouri refuses to take any action to have me returned or released . . . ."

   It should be noted that the exhibits filed by respondents in their response to the show cause order show conclusively that the Arkansas authorities have offered to parole petitioner to the Missouri detainer which petitioner has declined. Nevertheless, petitioner's refusal to accept parole to the Missouri detainer does not affect his entitlement to the relief he seeks herein.

5. Counsel for petitioner was requested to amend or supplement the petition to allege specific facts demonstrating prejudice from the delay in according him a revocation hearing. By letter dated July 22, 1976, petitioner's counsel informed the undersigned that no such facts would be alleged.