**Brian K. GREGORY, Petitioner,**

v.

**STATE OF NEW YORK PAROLE COMMISSION, Respondent.**

Civ. A. No. 80–0423.

United States District Court,
M. D. Pennsylvania.

Aug. 25, 1980.

Brian K. Gregory, pro se.

Alan M. Adler, Asst. Atty. Gen. of New York, State of New York Dept. of Law, Albany, N. Y., for respondent.

## MEMORANDUM

RAMBO, District Judge.

Brian Gregory is a federal prisoner incarcerated at Allenwood Federal Prison Camp in Montgomery, Pennsylvania. On April 18, 1980, he filed a complaint against the New York State Parole Commission [1] seeking either the vacation of a parole violator warrant which has been filed at Allenwood as a detainer, or an immediate hearing by the New York State Board of Parole for a determination of whether his parole on a prior New York sentence will be revoked. Gregory asserts that the violation charged in the warrant arises from the same events for which he was found guilty and is now serving federal time.

■ The complaint was filed on a form stating that the claim is under 28 U.S.Code § 1331. It will be deemed a petition for writ of habeas corpus under 28 U.S.Code § 2254. A lodging of a detainer by a state satisfies the "in custody" portion of the habeas corpus statute. *Walker v. King*, 448 F.Supp. 580 (S.D.N.Y.1978); *Redding v. Vermillion*, 416 F.Supp. 1181 (W.D.Mo. 1976); *Sitarski v. New York*, 358 F.Supp. 817 (W.D.N.Y.1973). Plaintiff alleges that the lodging of a parole violator warrant as a detainer, without providing him with a prompt parole revocation hearing, has denied him due process of law. The court issued a rule upon the New York State Board of Parole to show cause why the relief requested in the petition should not be granted.

The Commission responded by seeking to have the petition dismissed. It argues that Gregory has failed to exhaust his available state remedies and that petitioner's claim is meritless under *Moody v. Daggett*, 429 U.S. 78, 79, 97 S.Ct. 274, 275, 50 L.Ed.2d 236 (1976).

■■ The petition will not be dismissed for failure to exhaust state remedies. Though respondent alludes to state remedies, it provides the court with no specifics as to avenues of relief available to the petitioner. The exhaustion requirement is not a rule of jurisdiction limiting the power of a federal court to hear habeas petitions, but rather a rule of comity which relates to the appropriate exercise of power. *Bowen v. Johnston*, 306 U.S. 19, 27, 59 S.Ct. 442,

---

1. Though petitioner has sued the "New York State Parole Commission," it appears from the warrant which is at issue in this suit that the name of the New York parole authority is New York State Board of Parole. The latter designation will be used for the remainder of the memorandum.

446, 83 L.Ed. 455 (1939). Here considerations of comity have been satisfied. Gregory attached to his petition copies of letters received from New York authorities. As early as June 1979 he was in contact with the New York Supreme Court in Buffalo, New York, regarding this matter. He pursued it with the New York State Board of Parole which advised him by letter dated March 17, 1980, that it would not remove the parole violator warrant. Since Gregory's request is one within the discretion of the New York State Board of Parole, and he is not challenging action taken by the New York State courts, he has satisfied the policy behind the exhaustion requirement. That policy is to permit the state to have the first opportunity to act on the matter before interference from the federal courts. Gregory has given the New York State Board of Parole that opportunity. They have refused relief. Thus this court may act on the petition.

■ Gregory's prime concern over the detainer centers on the effect it is having on his prison incarceration. He wrote to the court on July 18, 1980 claiming that he would immediately be eligible for a half–way house if the detainer were removed. By order dated July 28, 1980, the court sought substantiation of this statement. Petitioner responded by sending a copy of his United States Bureau of Prisons Classification Study, dated May 21, 1979, and a letter from the Superintendent at Allenwood. The relevant portions of those documents are as follows:

> Classification Study–Recommended Programs–Should his parole violation detainer be resolved in his favor Mr. Gregory will be programmed for release through the services of Build of Buffalo, a community contract facility, 90 to 120 days prior to a firm release date.

> Letter–If his detainer were removed he could be programmed for placement in a half–way house in Buffalo, New York, almost immediately. He has a release date of November 28, 1980, and this date falls well within the time frame for placement in a half–way house.

The court's initial inquiry is whether Gregory has an interest which falls within the protection afforded by the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. The Supreme Court has recently addressed the nature of this protection in the case of one who has been convicted and is serving a sentence. In *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), Nebraska prisoners filed a class action charging that they were unconstitutionally denied parole. One of their arguments was that "a reasonable entitlement is created whenever a state provides for the *possibility* of parole." *Id.* at 8–9, 99 S.Ct. at 2104. The Court said: "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.* at 7, 99 S.Ct. at 2104. It rejected plaintiffs' argument with the statement: "That the state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained." *Id.* at 11, 99 S.Ct. at 2105.

The parallels between *Greenholtz* and the case before this court are unmistakable. Gregory hoped for his early release to a half–way house because his classification study, done shortly after his entry into the federal prison system, mentions such treatment as a possibility "should his parole violation detainer be resolved in his favor." From the start the release was conditional, and the Superintendent's letter indicates that it still is. Thus it cannot be said that Gregory was entitled to release as a matter of right. Since he has no legitimate claim of entitlement to release, no protected liberty interest is being denied by the refusal of the New York State Board of Parole to act on the warrant and hold a parole revocation hearing. *The Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Petitioner has cited *Pavia v. Hogan*, 386 F.Supp. 1379 (N.D.Ga.1974), a case with facts similar to his own. In that case the court held that New York was constitutionally required to hold a parole revocation hearing. It ordered that a hearing be held promptly or the detainer would be expunged. *Pavia* was overruled by *Moody v. Daggett*, 429 U.S. 78, 79, 97 S.Ct. 274, 275,

50 L.Ed.2d 236 (1976). In the latter case, the Court recognized in footnote 1 that there was a difference of opinion among the Courts of Appeals as to whether "a parolee convicted of a crime committed while on parole is entitled to a due process hearing promptly upon issuance of the parole violator warrant and detainer." *Id.*, 79–80, 97 S.Ct. 275. The Court held that a prisoner is "deprived of no constitutionally protected rights simply by issuance of a parole violator warrant." *Id.*, 89, 97 S.Ct. 280.[2]

As *Moody* is the controlling law, New York has not violated petitioner's constitutional right by refusing to exercise its discretion in favor of having a parole revocation hearing before Gregory is released to the New York State Board of Parole by the federal authorities. Accordingly, Gregory's petition for a writ of habeas corpus will be denied.

---

**2.** Particularly relevant in this case is footnote 9 on page 88, 97 S.Ct. on page 279.