528 F.Supp. 496 (1981)
Anthony J. VENERI, Jr., Petitioner,
v.
CIRCUIT COURT OF GASCONADE COUNTY, et al., Respondents.
No. 81-1319C(B).
United States District Court, E. D. Missouri, E. D.
December 10, 1981.
*497 Anthony Veneri, pro se.
Jay D. Haden, Asst. Atty. Gen., Jefferson City, Mo., for respondents.

MEMORANDUM OPINION
REGAN, District Judge.
Petitioner is presently serving a sentence of 25 to 50 years imprisonment in the State Correctional Institution at Graterford, Pennsylvania, following his conviction in the Court of Common Pleas of Delaware County, Pennsylvania on two charges of *498 bank robberies.[1] Theretofore, on July 1, 1968, he had been convicted in the Circuit Court of Gasconade County, Missouri, on his plea of guilty to a charge of robbery in the first degree by means of a dangerous and deadly weapon and sentenced to a term of twenty-five years imprisonment. On September 30, 1974, petitioner was paroled by the Board of Probation and Parole of Missouri, and pursuant to the Interstate Corrections Compact, he was transferred for supervision to the State of Pennsylvania. On August 28, 1978, the Missouri Board of Probation and Parole issued its parole violation warrant to the Pennsylvania Administrator of the Interstate Compact requesting him to arrest petitioner and hold him subject to the order of the Missouri Board. This warrant was lodged as a detainer in petitioner's file maintained by Pennsylvania but has not been executed, in that petitioner has not been transferred to the custody of the Missouri authorities.
Complaining that although more than two years had elapsed since the parole violation warrant was issued, the Missouri parole authorities have failed to hold "a Gagnon II hearing", petitioner filed in forma pauperis on November 14, 1980, a petition for a writ of habeas corpus in the Circuit Court of Gasconade County directed against the Parole Board and its members. No order to show cause was issued and the court took no action on motions filed March 24, 1981 for appointment of counsel and for a "default." There followed some correspondence between petitioner and the judge of the circuit court concerning the legal merits of the judge's actions and a September 21, 1981 communication to petitioner from the Chairman of the Board of Probation and Parole to the effect that no decision would be made by the Board until petitioner was "made available to the State of Missouri by Pennsylvania authorities." Petitioner then filed the instant petition in this Court for a writ of mandamus or in the alternative a writ of habeas corpus to obtain the relief he had sought in the Gasconade County action.
Insofar as the petition is directed against the Circuit Court of Gasconade County and the judge thereof, it is clear that the relief sought is a writ of mandamus or in the nature of a writ of mandamus to direct the state court and its judge to set aside the dismissal and exercise jurisdiction over the action for habeas corpus. However, it is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970); Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Lamar v. 118th Judicial District of Texas, 440 F.2d 383, 384 (5th Cir. 1971).
Petitioner has not attempted to obtain relief in the state courts of Missouri from the alleged abdication of jurisdiction by the Circuit Court of Gasconade County. The Missouri Constitution (Article 5 § 4) expressly vests the supreme court and the courts of appeal of the state a general superintending control over all inferior courts in their jurisdiction, with power to issue original remedial writs. Numerous cases holding that a writ of mandamus lies to an inferior court to reinstate a case wrongfully dismissed and to hear and determine the case are cited in the annotation to Article 5 § 4 in Volume 1A, Vernon's Annotated Missouri Statutes. Clearly, by his failure to apply for a writ of mandamus in Missouri, petitioner has failed to exhaust his available and adequate state remedy. Cf. Croney v. Swenson, 271 F.Supp. 363, 364 (D.C.W.D.Mo.1967).
Parenthetically we note that there is a serious question (which is for the Missouri courts to resolve) as to whether Gasconade County was the proper forum for petitioner's habeas corpus action. As distinguished *499 from a Rule 27.26 post-conviction motion, which must be brought in the court which imposed sentence, a habeas application must be brought in the first instance in the circuit court for the county in which the applicant is held in custody.[2] Rule 91.59 of the Missouri Supreme Court Rules. Assuming under petitioner's theory that he is being held in constructive custody by the State Parole Board, it would appear that the proper venue of an action directed against the Board and its members in their official capacity would be in Jefferson City, the location of the office and headquarters of the Board. Section 549.224 V.A.M.S.
In his alternative claim for habeas relief in this Court,[3] petitioner complains of the failure of the Parole Board to hold a hearing within a reasonable time on the warrant or detainer. It is the position of the Board that no hearing is mandated unless and until the warrant is executed and petitioner is transferred to Missouri custody. In Moody v. Daggett, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), involving a federal parolee, the Supreme Court held, l.c. 89, 97 S.Ct. at 279, that the Parole Commission "has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant." Earlier in its opinion, at l.c. 87, 97 S.Ct. at 278, the Supreme Court pointed out that Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the case most relied on by petitioner, established "execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty upon parole revocation. This is a functional designation, for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." And see Hicks v. United States Board of Paroles and Pardons, 550 F.2d 401, 403 (8th Cir. 1977); Mack v. McCune, 551 F.2d 251, 253 (10th Cir. 1977).
We do not definitively rule this issue for the reason that petitioner has not exhausted his state remedies with respect thereto. Even if it be assumed that the dismissal of the habeas petition in the Gasconade County Circuit Court sufficed as his initial attempt, the fact remains that under Missouri law petitioner could (after failing in the circuit court) file a new petition for habeas relief in the appropriate court of appeals, and then, if again unsuccessful, file another petition for the writ in the Missouri Supreme Court. Then, and only then, could petitioner be said to have exhausted his state remedies. There are no exceptional circumstances which would relieve petitioner (who relatively recently commenced serving his 25 to 50 year sentence in Pennsylvania) of his obligation to run the state court gamut before attempting to secure a determination of his claim by federal habeas corpus.
We have not overlooked the fact that in his habeas application petitioner has alleged that his original conviction and sentence on a "non-existent charge" was the result of coercion and ineffective assistance of counsel. If so, his remedy in the Missouri courts is a motion pursuant to Rule 27.26 and not habeas.
We judicially know that in January, 1969, petitioner filed a Rule 27.26 in the Circuit Court of Gasconade County, attacking the validity of his conviction on grounds which, inter alia, included those now asserted and that a full and fair evidentiary hearing was held on that motion. The Missouri Supreme Court in an opinion reported in Veneri v. State, 474 S.W.2d 833 (Mo. 1971), considered each of these claims and found them lacking in merit. After thus exhausting his then available state remedies on these and other claims, petitioner filed in this court a petition for a writ of habeas corpus in Veneri v. Wyrick, Cause No. 74-373C(4). Judge Nangle ruled each of these claims adversely to petitioner on *500 November 1, 1974. This decision is final. In our judgment, wholly aside from petitioner's failure to seek relief on a second Rule 27.26 motion in the state courts, the ends of justice would not be subserved by a rehearing in this Court of these claims which have heretofore been determined adversely to petitioner on the merits.
It follows that the petition for a writ of habeas corpus should be dismissed. An order to this effect will be entered.
NOTES
[1] It appears from the petition that although he was not sentenced until September 26, 1979, petitioner had been arrested on these charges on July 18, 1978 and was given credit for jail time for the period from that date to the date of sentencing.
[2] Cf. Sockel v. Missouri State Board of Probation and Parole, 297 F.Supp. 10, 18, footnote 1 (D.C.W.D.Mo.1968).
[3] Insofar as the habeas petition is concerned, the same question as to the proper forum is present as in the state case. Jefferson City is in the Western District.