CLARENCE PHILBROOK, APPELLANT, V. TOM M. DUNN, SHERIFF, APPELLEE.

FILED JUNE 19, 1931. No. 27913.

*Frank A. Dutton*, for appellant.

*Vasey & Mattoon* and *Ernest A. Hubka*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

By means of a petition for a writ of habeas corpus, Clarence Philbrook, petitioner, applied to the district court for an order discharging him from the custody of the sheriff of Gage county. In a prosecution before the county judge, petitioner had been sentenced November 3, 1930, to serve a term of 60 days in the county jail at Beatrice. He did not appeal to the district court but began to serve his sentence the day it was pronounced. While imprisoned he became violently ill from an acute attack of appendicitis November 7, 1930, when the sheriff, county judge, county attorney and county physician permitted him to return to his home in Omaha for treatment, with the understanding that, upon his recovery, he would return December 5, 1930, to complete his sentence. He returned at the appointed time and reentered the county jail. January 2, 1931, on the grounds that his respite was void, that he was entitled to credit on his sentence for the time

he was absent and that he was unlawfully deprived of his liberty by the sheriff, he petitioned for a writ of habeas corpus.

The sheriff demurred to the petition on the ground that it did not state facts sufficient to entitle petitioner to a discharge from custody. The district court sustained the demurrer and dismissed the proceeding. Petitioner appealed to the supreme court.

There is no error in the record. The sheriff and the other county officers, though prompted by a humanitarian spirit, did not have lawful authority to discharge petitioner from custody and allow him his liberty from November 7, 1930, until December 5, 1930. Their action was a violation of the county court's unexecuted judgment. Petitioner asked for his freedom, for the comfort of his home and for a physician and a hospital of his own selection during his dangerous illness. These privileges were granted without authority. For the period of the illegal respite from November 7, 1930, until December 5, 1930, petitioner was not serving any part of the sentence lawfully imposed. He was then at liberty for his own benefit and was not under penal restraint. The county officers, like the prisoner himself, were required by law to respect the valid judgment of the county court. The emergency requiring care and medical attention or surgery for the prisoner did not authorize his discharge from the custody of the sheriff. Petitioner's unhappy situation made a strong appeal for legislation permitting the district court to grant proper relief upon reasonable terms, but did not, in absence of statutory authority, permit the sheriff to exercise either legislative or judicial power to temporarily discharge a prisoner from lawful custody.

Where a convict, before serving the entire term for which he was sentenced, is illegally permitted to absent himself from prison without penal restraint, for his own comfort and care during an illness, he is not entitled to credit on his sentence for the time he was absent under

his unauthorized respite and may be required to serve the remainder of his term. *Riggs v. Sutton,* 113 Neb. 556.

The respite in the present instance was void and did not entitle petitioner to credit for any part of the time during which he was absent without penal restraint. The district court so held and the judgment is

AFFIRMED.