Original,
No. 5504.

RICHARD ALLEN PEARE *v.* STATE.

Submitted April 16, 1966.
Decided April 29, 1966.

*Richard A. Peare*, pro se.

*George S. Pappagianis*, Attorney General and *William F. Cann*, Assistant Attorney General for the State.

KENISON, C.J. Petition for an injunction and a writ of habeas corpus "commanding the State of New Hampshire and the New Hampshire State Parole Board to withdraw and dismiss their warrant and or detainer for parole violation on the grounds . . . that they have lost all jurisdiction over said petitioner."

The facts are not in dispute. The plaintiff, convicted of larceny of an automobile, was paroled from the New Hampshire State Prison on September 24, 1958, the parole to expire October 29, 1960. In October 1958 the plaintiff was tried and convicted for grand larceny in the State of Maine. In December 1959 he was discharged from the Maine State Prison and placed under active supervision as a parolee in New Hampshire until the expiration of his maximum term, October 29, 1960. In August 1960 he left New Hampshire without permission and in December 1960 was committed to the New Jersey State Prison for larceny of motor vehicles. In July 1961 he was sentenced by the United States District Court, Newark, New Jersey under the National Motor Vehicle Theft Act and upon his discharge from the New Jersey State Prison in 1964, was committed to the United States Penitentiary in Lewisburg, Pennsylvania until his release therefrom on April 8, 1966.

By statute the State Board of Parole retains "the legal custody of all prisoners released upon parole until they receive their discharge or are remanded to prison." RSA 607:31; *Tsoukalas* v. *Hancock*, 102 N. H. 417, 421. The State does not automatically waive, relinquish or forfeit its "legal custody" of a parolee by his subsequent conviction in another jurisdiction. *Jurczyszyn* v. *Michigan Parole Board*, 316 Mich. 529; *Hunt* v. *Hand*, 186 Kan. 670; *People* v. *Ragen*, 400 Ill. 191. The plaintiff, by leaving this state in violation of his unexpired parole, cannot convert his subsequent convictions and confinements in other state prisons and a federal penitentiary into a waiver of this State's jurisdiction to enforce a warrant for a violation of parole. *Herbert* v. *New Hampshire State Parole Board*, 106 N. H. 401; Annot. 147 A.L.R. 941, 943; *State* v. *Granquist*, ( Minn. ) 135 N. W. 2d 447 ( 1965 ).

*Petition dismissed.*

All concurred.