**Ex parte Robert S. FRANK.**

**No. 43000.**

Court of Criminal Appeals of Texas.

May 6, 1970.

Clyde W. Woody, Marian Rosen, Houston, for appellant.

Tom Curtis, Dist. Atty., Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an application for writ of habeas corpus following an original conviction of May 2, 1953, for robbery. Petitioner was given credit on his original 10 year sentence from December 2, 1952. Petitioner is presently confined in the Texas Department of Corrections.

On November 12, 1969, Judge E. E. Jordan made the following findings:

Petitioner, on May 2, 1953, entered a plea of guilty to the offense of armed robbery, and was sentenced to ten years in the penitentiary. On June 7, 1956, petitioner was granted an out-of-state conditional pardon to New Jersey. On February 7, 1958, petitioner's June 7, 1956, conditional pardon was revoked. On November 9, 1961, petitioner was again granted an Executive Conditional Pardon to New Jersey with no credit for time served on the prior conditional pardon. On April 16, 1962, the Governor of Texas revoked the November 9th, 1961, conditional pardon. On November 16, 1962, the petitioner's conditional pardon of November 9, 1961, was reinstated. On September 13, 1963, the Governor of Texas revoked the conditional pardon which had been reinstated on November 16, 1962. Judge Jordan concluded that his court had no jurisdiction over petitioner's application, because it concerned the authority of executive grants of pardons and paroles and the revocation thereof, and recommended that the application be forwarded to the Texas Court of Criminal Appeals for further action.

It appears that when granted his June 7, 1956, conditional pardon to New Jersey, petitioner had credit for five years and seven months on his original 10 year sentence.

The February 7, 1958, petitioner's pardon was revoked because of petitioner's absconding from supervision in New Jersey, and his subsequent arrest and conviction for auto theft, assault and battery with intent, and robbery in the State of Mississippi. Petitioner's Mississippi sentence was five (5) years, and he was released by Mississippi authorities on November 13, 1961. The conditional pardon granted petitioner on November 9, 1961, was four (4) days prior to petitioner's release in Mississippi. This pardon was to New Jersey with no credit for time served on the original conditional pardon of June 7, 1956. Texas placed a detainer on petitioner, and requested that he be returned to New Jersey upon his release in Mississippi.

The April 16, 1962, revocation of petitioner's November 9, 1961, conditional pardon by the Governor of Texas was predicated on the fact that petitioner again absconded from supervision in New Jersey, having been missing since January 22, 1962. However, when petitioner returned to his father's residence in New Jersey, he showed that he was satisfactorily employed, and the State of New Jersey indicated that it was willing to continue supervision, thus the Governor of Texas rein-

stated petitioner's conditional pardon of November 9, 1961, to New Jersey on November 16, 1962.

On July 7, 1963, petitioner again absconded from supervision. All attempts at locating petitioner failed, leading to the September 13, 1963, revocation of petitioner's conditional pardon, and a warrant was issued for his arrest.

Texas authorities later learned that petitioner had been convicted of the offense of breaking and entering in Florida on December 23, 1963. After serving his full time in Florida, petitioner was released from confinement on November 22, 1965, and he returned to New Jersey. In November, 1966, petitioner was arrested by New Jersey authorities for violation of his reinstated conditional Texas pardon of November 16, 1962. After exhausting all avenues of appeal to resist extradition, petitioner was extradited to Texas on September 23, 1968.

Petitioner alleges that the various governor's proclamations declaring previous pardons to be "null and void" had the effect of restoring the time petitioner served at large to his original sentence; therefore, entitling petitioner to immediate release. The conditional pardon revocations dated February 7, 1958; April 16, 1962, and September 13, 1963, all contain the clause, " * * * and the time during which subject has been at large under said Proclamation shall not be considered or credited to subject as time served on such sentence * * *."[1]

We hold that the executive order was valid, and the primary term of petitioner's sentence had not expired. Petitioner's contention is denied.

Petitioner, also, argues that Texas did not maintain a diligent and consistent

interest in petitioner during the time he was not present in the State of Texas. Petitioner argues that the actions of Texas authorities in this matter operated so as to assure petitioner of a full and complete pardon. We are unable to agree.[2] It is our conclusion that the State of Texas maintained a sufficient interest in petitioner during his absence from this state.

The relief sought is denied.

---

1. In Ex parte Bryant, 155 Tex.Cr.R. 23, 230 S.W.2d 824, this Court said:
   "Under the terms and conditions of the proclamation of clemency granted to Relator and accepted by him, he is not entitled to credit for time he was at large under clemency revoked by the Governor because of Relator's conduct."

2. See Shields v. Beto, 5 Cir., 370 F.2d 1003, and Clifton v. Beto, 5 Cir., 411 F.2d 1226.