Strafford
No. 6490

STATE OF NEW HAMPSHIRE v. PATRICK O. SHEEHY

April 30, 1975

*Fisher, Parsons, Moran & Temple* and *Daniel M. Newman* and *Ronald B. Willoughby (Mr. Newman* orally) for the defendant.

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general, and *James Kruse,* attorney *(Mr. Hess* orally), for the State.

KENISON, C.J. The issue briefed and argued by the parties in this action is whether alleged inaction by the State board of parole with regard to one parole violation constituted a waiver of jurisdiction, barring the imposition of a sentence for a subsequent violation. U.S. CONST. amend. XIV; Laws 1949, 171:1 (RSA 607:31, repealed November 1, 1973); *see* RSA 651:37. *Flynn,* J., reserved and transferred defendant's exceptions to the denial of petitions for writs of habeas corpus and for a writ of mandamus, and a motion to vacate, challenging the plea and the sentence in a 1969 conviction of aggravated assault.

On March 15, 1945, defendant was sentenced to a term of 23-40 years imprisonment at the New Hampshire State Prison for a conviction of second degree murder by the Strafford County Superior Court. At the time of his parole on July 15, 1960, he was informed that the period of parole would not terminate until March 15, 1985, the expiration date of his maximum sentence.

With the permission of the State board of parole, defendant moved to Florida to live with relatives. Laws 1937, 64:1 I (RSA 607:52 I, repealed November 1, 1973); *see* RSA 651:56 I. By agreement between the State board of parole and the Florida Parole and Probation Commission, defendant reported periodically to the Florida authorities. Testimony of the New Hampshire State parole officer indicated that the defendant was doing "exceptionally well" until July 1964 when he was arrested for attempted robbery.

Although the New Hampshire Board of Parole was notifed of the arrest, it postponed any action until final disposition of the case by Florida. Laws 1937, 64:1 III (RSA 607:52 III, repealed November 1, 1973); *see* RSA 651:56 III. Defendant was sentenced to five years imprisonment in Florida on a plea of guilty.

Without the knowledge of the State board of parole, defendant was paroled and returned in 1967, to Dover, New Hampshire, where he obtained employment and lived openly for about seventeen months. In December 1968, he was convicted of a misdemeanor in Dover arising from a barroom brawl for which he was fined and received a 30-day suspended sentence. The board of parole did not learn that defendant had been released in Florida and had returned to New Hampshire until just prior to his arrest for aggravated assault in Dover in March 1969.

On April 8, 1969, the board issued a formal complaint for defendant's violation of parole with respect to his arrest for aggravated assault in Dover. After waiving indictment on April 21, defendant pleaded guilty to the charge of aggravated assault and was ordered imprisoned for eight to ten years, "the sentence to begin upon the expiration of the sentence for which he is presently on parole." The order was later modified on June 11, 1970, so that the sentence for aggravated assault would run concurrently with the one defendant was serving for violation of parole. *See* ABA Standards Relating to Criminal Justice, Sentencing Alternatives and Procedures § 3.4 (b) (Approved Draft, 1968).

Defendant argues that inaction by the State board of parole from the time of his arrest for attempted robbery in Florida in July 1964, to the time of his arrest for aggravated assault in New Hampshire in March 1969, constitutes a waiver of jurisdiction, precluding further incarceration for violation of his parole under the 1945 sentence without offending the fourteenth amendment's guarantee of due process. U.S. CONST. amend. XIV.

A State cannot, consistent with the fundamental principles of justice protected by the due process clause of the fourteenth amendment, compel a parolee to serve out his sentence after the State has manifested a gross disinterest in him. *Piper v. Estelle,* 485 F.2d 245, 246 (5th Cir. 1973); *Shields v. Beto,* 370 F.2d 1003, 1004 (5th Cir. 1967); *see Buchalter v. New York,* 319 U.S. 427, 429 (1943). The degree of disinterest necessary to amount to a waiver of jurisdiction is exemplified by *Shields v. Beto supra,* where Shields was extradited from Texas to Louisiana to complete a jail term prior to the expiration of his Texas sentence. Eighteen years after his release from prison in Louisiana and 28 years after his extradition, Texas attempted to compel him to serve the rest of his Texas sentence despite the fact that it had filed no detainer in Louisiana. Under those circumstances, it was held that Texas had demonstrated the requisite disinterest to constitute a waiver of jurisdiction. *Shields v. Beto,* 370 F.2d 1003, 1006 (5th Cir. 1967).

Although lapse of time and failure to file a detainer are important indicators of a State's lack of interest in a parolee, the facts of each case must be analyzed in light of the requirements of due process to determine if a waiver of jurisdiction has occurred. *Piper v. Estelle,* 485 F.2d 245, 247 (5th Cir. 1973).

The facts surrounding defendant's parole and subsequent arrests indicate that New Hampshire maintained a constant interest in the defendant. Although no detainer was filed in Florida by the

New Hampshire Board of Parole in response to the 1964 conviction for attempted robbery, a request was made to be notified of defendant's release. Absent notice from the Florida authorities, the board of parole had no occasion to take further action with regard to defendant and had no reason to suspect that he had returned to New Hampshire prior to the expiration of his Florida sentence. Within a short time after learning of his return to New Hampshire and of his arrest for aggravated assault, the board of parole issued a formal complaint for his violation of parole. Under these circumstances, the jurisdiction of the State board of parole was continuous. Laws 1949, 171:1 (RSA 607:31, repealed November 1, 1973); see RSA 651:37; Peare v. State, 107 N.H. 197, 198, 219 A.2d 289, 290 (1966); Herbert v. New Hampshire State Parole Board, 106 N.H. 401, 211 A.2d 907 (1965). See also Holtzinger v. Estelle, 488 F.2d 517, 518 (5th Cir. 1974); Moore v. Missouri, 337 F. Supp. 947, 950 (W.D. Mo. 1972); Ex parte Frank, 453 S.W.2d 477, 479 (Tex. Ct. Crim. App. 1970).

Nor do the facts of this case fall within the rule of those cases cited by the defendant where prisoners have been erroneously discharged and the State later attempted to rectify the error by reincarceration. Lanier v. Williams, 361 F. Supp. 944, 947 (E.D.N.C. 1973); White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930). Defendant was paroled in 1960 with an express awareness that the period of parole would not terminate until 1985.

*Exceptions overruled.*

DUNCAN, J., and GRIFFITH, J., did not sit; the others concurred.