## BOARD OF TRUSTEES OF THE STATE POLICE RETIREMENT SYSTEM et al *v.* Arthur HALSELL

80-123                                            610 S.W. 2d 881
Supreme Court of Arkansas
Opinion delivered February 2, 1981

Steve Clark, Atty. Gen., by: Alice Ann Burns, Asst. Atty. Gen., for appellants.

Gill & Johnson, by: B. Kenneth Johnson, for appellee.

ROBERT H. DUDLEY, Justice. The single issue is whether payment at retirement for unused annual leave should be included as part of the average annual salary when computing the amount of a retirement pension for a State Police officer.

At his retirement from the State Police, the appellee, Arthur Halsell, had accrued annual leave for which he was paid a lump sum termination payment. The Director of the State Police advised appellee that this termination payment was not salary and would not be included in computing retirement benefits. The appellees then filed suit against appellants, the Board of Trustees of the State Police Retirement System, asking for declaratory judgment. The trial court ruled that the lump sum termination payment made to appellee should be included in his final average salary in computing his retirement pay. That decision is erroneous and is reversed.

The pension payable to a retiring State Police officer is based upon set percentages of his final average salary. Final average salary is defined by Ark. Stat. Ann. § 42-451 (B) (*l*) (Repl. 1977) as:

> . . . the average of the annual salaries paid a member for the three (3) years of credited service rendered by him

immediately preceding his last termination of employment with the Department, provided that the final average salary shall not exceed that of the highest permanent rank.

The appellant has computed the compensation paid to appellee for services rendered over the past three years. The appellee is asking that the termination benefit, which is equal to one month's unused leave, be added to the three years' salary. In other words, use 37 months to compute three years. The statute contemplates using the past 36 months' salary in computing "the average of annual salaries paid a member for the three years of credited service."

Ark. Stat. Ann. § 13-349 (A) (Repl. 1979) clarifies the legislative intent, as follows:

> * * * Provided that the remuneration paid to an employee of the State may exceed the maximum annual salary as authorized by the General Assembly as follows, *and the following shall not be construed as payment for services or as salary as contemplated by Section 4 of Article 16 of the Constitution of the State of Arkansas*:
> (1) Overtime payments as authorized by law;
> (2) *Payment of a lump sum to a terminating employee*;
> (3) Payment for overlapping pay periods at the end of a fiscal year as defined or authorized by law.
> [Emphasis added.]

The language in the statute is clear that the lump sum termination benefit should not be considered as salary. Therefore, it should not be added to the appellee's average salary for the purpose of computing his retirement pension.

An objective of the General Assembly in prohibiting the termination pay from being counted as part of the average annual salary is to prevent a distinction in retirement benefits from one State Police officer who took a vacation as opposed to one who did not take a vacation.

The appellee argues that he has a vested right to have his termination payment included in his retirement pension,

since it had been done in the past, and this was a factor in his continued employment.

Appellee has not acquired such a vested right. He had been employed by the State Police since 1947, and the lump sum termination pay statute, Ark. Stat. Ann. § 13-349 (L), was enacted in 1973. There is no proof in the record of the State Police retirement policy or practice before 1973, and we do not speculate on either what the policy was or whether it was a factor in his continued employment. Hence, no vested right was acquired before 1973.

A former member of the retirement board, Tommy Goodwin, testified that since 1975 four or five officers had the lump sum termination benefit added to their annual salary for computing retirement pay. However, since 1973 the statute has prohibited counting the lump sum termination benefit as salary. Appellee cannot gain a vested retirement right from an unauthorized administrative procedure which is contrary to a statute. Therefore, no vested right was acquired after 1973.

Reversed.

ADKISSON, C.J., and HOLT, J., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. The majority correctly state the issue, which is whether the lump sum payment for accrued annual leave is salary for the purpose of computing retirement benefits under the State Police Retirement System.

Appellant's retirement benefits are based upon his "final average salary." Ark. Stat. Ann. § 42-451(B)(*l*) (Repl. 1979). "Salary" means the compensation paid a member for service rendered by him as a state police officer." Ark. Stat. Ann. § 42-451 (B)(k) (Repl. 1979).

Accrued annual leave is additional compensation earned by the employee. Ark. Stat. Ann. § 13-349(L) (Repl. 1979). And, it is based upon completed months of service. Ark. Stat. Ann. § 12-2367(a) (Repl. 1979). When the employee retires,

the unused annual leave to his credit is paid to him as a lump sum payment. Ark. Stat. Ann. § 12-2367(k) (Repl. 1979).

Since lump payments are earned compensation for service rendered, those payments must be included as "salary" for the purpose of computing retirement benefits. Under the act creating the State Police Retirement System, the only exclusion from salary is "reimbursement for lodging, meals, or travel expense." Ark. Stat. Ann. § 42-451(B)(k) (Repl. 1979).

The majority's conclusion that appellant seeks to use 37 months to compute three years' salary is unfounded. Thirty days is the maximum time accruable and subject to lump sum payment; however, it must have been earned within the last three years. Ark. Stat. Ann. § 12-2367(a) and (k) (Repl. 1979). Payment for overtime, lump sum accrued leave, and overlapping pay periods are variable components of salary which must necessarily inflate the line item (fixed) salary set by the Legislature. And, when the total salary is computed for each employee, it is likely that each salary will differ. Since all salaries are computed under the same statutes, there is no discrimination among employees.

The majority, in attempting to buttress their conclusion, misconstrue Ark. Stat. Ann. § 13-349(A) (Repl. 1979) by ignoring its provision which excludes lump sum payments, overtime payments, and overlapping pay, as salary, only "as contemplated by Section 4 of Article 16 of the Constitution of the State of Arkansas."

This court has previously delineated what is contemplated by Section 4 of Article 16 of the Arkansas Constitution in *Director of Bureau of Legislative Research* v. *Mackrell*, 212 Ark. 40, 204 S.W. 2d 893 (1947); there we said the primary purpose of this provision is "to prevent the expenditure of the people's tax money without having first procured their consent, expressed in legislative enactments which do not contravene these constitutional provisions."

Here, it is not contested that the Legislature appropriated the funds for payment of the additional compensa-

tion for overtime, lump sum accrued annual leave, and overlapping pay periods. Although these payments are necessarily variable, they nevertheless represent compensation for service rendered as enacted by the Legislature. As stated earlier, the terms "salary" and "compensation" are used interchangeably in the statutes under consideration. This usage is further evidenced by Ark. Stat. Ann. § 12-2501(J) (Repl. 1979) (State Employees Retirement System Act) which states: "Compensation means the salary or wages paid ... by a public employer ... for personal services rendered. . . ."

The undisputed evidence before the trial court was that both "the overtime payments referred to in Ark. Stat. Ann. § 13-349(A)(1) and payment for overlapping pay periods in § 13-349(A)(3) are clearly compensation for services and therefore salary under the law." The payment for lump sum annual leave which is sandwiched between these provisions in Ark. Stat. Ann. § 13-349(A)(2) must, therefore, also be salary.

The trial court correctly held:

The purpose of Ark. Stat. Ann. § 13-349(A) is to avoid the constitutional line item restriction on salaries [the fixed component of salary] set forth in the Arkansas Constitution, Art. 16, Sec. 4. The lump sum payment to the plaintiff at his retirement was for services rendered and constitutes salary [the variable component of salary] within Ark. Stat. Ann. §§ 42-451(B)(k) and 12-2501(J).

The legislative intent in this case can be determined from the plain language expressed in this legislation. No room is left for this court to speculate as to what we think the language should have said.

For the reasons stated, I would affirm.

I am hereby authorized to state that Holt, J., joins me in this dissent.