Larry COMBS et al *v.* Jesse S. CHEEK, Jr.

84-19                                              671 S.W.2d 177

Supreme Court of Arkansas
Opinion delivered June 25, 1984

*Henry C. Kinslow*, City Atty. of El Dorado, for appellant.

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Robert C. Compton*, for appellee.

ROBERT H. DUDLEY, Justice. Appellee, James E. Cheek, Jr., retired as fire chief after twenty-three years of service with the El Dorado Fire Department. A retired fireman is entitled to a monthly retirement benefit equal to one-half of the salary attached to the rank held at the time of retirement. Ark. Stat. Ann. § 19-2204 (Repl. 1980 and Supp. 1983). In addition, a retired fireman is entitled to a lump sum payment for a limited amount of unused accumulated sick leave. Ark. Stat. Ann. § 19-1720 (Repl. 1980 and Supp. 1983). Appellee asked the Board of Trustees of the El Dorado Firemen's Relief and Pension Fund to consider the lump sum payment for unused accumulated sick leave as part of his salary in fixing the amount of his monthly retirement benefit. The board refused and appellee filed suit for declaratory judgment. The trial court ordered the board to include the lump sum payment for sick leave in determining the amount of the retirement benefit. We reverse. Jurisdiction is in this court pursuant to Rule 29 (1) (c) since the case involves the interpretation of an act of the General Assembly.

The statute creating the monthly retirement benefit, Ark. Stat. Ann. § 19-2204, provides that a retired fireman is entitled to be paid a monthly pension "equal to one-half of the *salary* attached to the rank" held at retirement. The statute creating the lump sum payment for unused accumulated sick leave, Ark. Stat. Ann. § 19-1720, provides

that it is payable only upon retirement. Obviously, a sum payable only upon retirement is not a part of the regular salary attached to the rank.

The statutory language providing that a retired fireman is "entitled to be paid a monthly pension equal to one-half of the salary attached to the rank" was first used in Section 4 of Act 491 of 1921. However, neither sick leave nor lump sum payment for unused accumulated sick leave was statutorily provided for firemen until 1971. *See* Act 241 of 1971. Ark. Stat. Ann. §§ 19-1718 and 19-1720 (Repl. 1980). Thus, the General Assembly could not have intended to include payment for unused accumulated sick leave in its 1921 concept of the word "salary." Since the statutory language has remained the same since 1921, we can only conclude that the legislative intention has remained the same. The word "salary," as used in the Firemen's Relief and Pension Fund Act, does not include payment for unused accumulated sick leave.

The appellee alternatively contends that, even if the statute does not provide that the lump sum payment constitutes salary, he has a vested right to have it included as salary since it was done for others in the past and was a factor in his continued employment. The argument is without merit because one cannot gain a vested retirement right from an unauthorized administrative procedure which is contrary to statute. *Board of Trustees of the State Police Retirement System* v. *Halsell,* 271 Ark. 815, 610 S.W.2d 881 (1981).

Reversed.