STATE of Wisconsin, Plaintiff-Respondent,

v.

Edward J. RISKE, Defendant-Appellant. †

Court of Appeals

*No. 88–1879–CR. Submitted on briefs June 8, 1989.—Decided September 7, 1989.*

(Also reported in 448 N.W.2d 260.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *John E. Tradewell,* assistant state public defender.

For the defendant-appellant the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J.   Edward J. Riske appeals from an order denying his motion to vacate his sentence or deem it satisfied. The first issue is whether Riske is entitled to credit against his sentence for the period during which the jailer refused him admission to an overcrowded county jail. We hold that Riske is entitled to that credit. The second issue is whether he is entitled to credit after he was to have reported back to the jail but failed to do so. We hold he is not. We therefore reverse the order in

part and remand with directions to credit Riske's sentence for the period from the date he was refused admission to the date he was to have reported back to the jail and for the period he was briefly incarcerated when rearrested more than a year later.

On April 6, 1987, Riske was sentenced to one year in the Portage county jail on his plea of no contest to sexual intercourse with a minor of age sixteen or older not his spouse, sec. 944.15(2), Stats. 1985. He was not incarcerated. On April 14, 1988, more than a year later, the trial court issued an execution for his arrest and incarceration to serve his term. Riske was briefly incarcerated, promptly moved the court for relief, and was released on bond.

The trial court found that the same day Riske was sentenced he surrendered to the county jail but the jailer (an officer in the county sheriff's department) told Riske the jail could not accommodate him and to report back on May 1, 1987. The jailer testified that on May 1 the jail had space for Riske, but the court found that he failed to report back on that or any other date. Meanwhile, and until his arrest in 1988, Riske continued to live and work in the community, saw (and presumably was seen by) officers from the sheriff's department and the local police department, and made no attempt to hide.

Riske testified to serious work and career interruptions should he have to serve his sentence at this late date. The trial court concluded that had Riske reported to the jail on May 1, 1987 he would have begun serving his sentence, that his own doing prevented him from doing so, and that any harm to Riske from subsequently having to serve his sentence would also result from his own doing. The court denied Riske's motion and released him on bond pending this appeal.

Riske contends that his one-year sentence had completely run by the time of his arrest in 1988, and he therefore should not be incarcerated. He relies on sec. 973.15, Stats., which provides that all sentences commence at noon on the day of sentence.[1] He asserts that none of the statutory reasons for excluding time from the sentence has been shown to exist. He was not released on bail, he did not escape, and the trial court did not stay execution of his sentence.

■■■■

Because the trial court's factual findings are not challenged on appeal, only issues of law are before us. *State v. Williams,* 104 Wis. 2d 15, 21-22, 310 N.W.2d 601, 604-05 (1981). We are not bound by the decisions of trial courts on issues of law. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

■■■

The state agrees that Riske must be given credit against his sentence for the period he was out of the jail at the direction of the sheriff, April 6 through May 1,

---

[1] (1) . . . Except as otherwise provided in this section, all sentences commence at noon on the day of sentence, but time which elapses after sentence while the convicted offender is at large on bail shall not be computed as any part of the term of imprisonment.

. . ..

(7) If a convicted offender escapes, the time during which he or she is unlawfully at large after escape shall not be computed as service of the sentence.

(8) The sentencing court may stay execution of a sentence of imprisonment only:

(a) For legal cause;

(b) Under s. 973.09(1)(a) [probation]; or

(c) For not more than 60 days.

■■■■■■■■■■

■■■■■■■■■■

1987.[2] This is because Riske was out of the jail through no fault of his. Sentences are continuous, unless interrupted by escape, violation of parole, or some fault of the prisoner, and "where a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, . . . his sentence continues to run while he is at liberty." *White v. Pearlman,* 42 F.2d 788, 789 (10th Cir. 1930).

Other jurisdictions recognize the principle.[3] Our state supreme court has recognized it by way of *dictum, In re Crow: Habeas Corpus,* 60 Wis. 349, 370, 19 N.W.

---

[2]An alternative disposition could have prevented the problem. Sec. 973.03(1), Stats., provides:

> If at the time of passing sentence upon a defendant who is to be imprisoned in a county jail there is no jail in the county suitable for the defendant and no cooperative agreement under s. 53.44, the court may sentence the defendant to any suitable county jail in the state. The expenses of supporting the defendant there shall be borne by the county in which the crime was committed.

Section 973.03(4)(a) now provides an additional solution:

> In lieu of a sentence of imprisonment to the county jail, a court may impose a sentence of detention at the defendant's place of residence or other place designated by the court . . .. The detention shall be monitored by the use of an electronic device worn continuously on the defendant's person and capable of providing positive identification of the wearer at the detention location at any time. A sentence of detention in lieu of jail confinement may be imposed only if agreed to by the defendant . . ..

This subsection went into effect on August 1, 1987, secs. 2205m and 3204, 1987 Wis. Act 27, after the date of sentencing in this case.

[3]*See, e.g., U.S. v. Martinez,* 837 F.2d 861, 865 (9th Cir. 1988); *Mobley v. Dugger,* 823 F.2d 1495, 1497 (11th Cir. 1987); *Kiendra v. Hadden,* 763 F.2d 69, 73 (2d Cir. 1985); *Giles v. State,* 462 So. 2d 1063, 1064 (Ala. Crim. App. 1985); *Hopkins v. North,* 135 A. 367, 368 (Md. 1926); *Ex parte Philbrook,* 237 N.W. 391, 392 (Neb. 1931); *State v. Sheehy,* 337 A.2d 348, 350 (N.H. 1975).

713, 722 (1884), and so has the attorney general, *see* 14 Op. Att'y Gen. 512 (1925) (prisoner who because of flu epidemic was refused admission to prison on day his sentence began entitled to credit on sentence for period intervening until his admission).

The state contends that Riske's failure to return to the jail on May 1, 1987 constituted an escape for purposes of sec. 973.15(7), Stats. The state therefore asserts that Riske is not entitled to credit against his sentence after May 1, 1987. We agree with that result but not the reasoning.

Section 973.15(7), Stats., by which the time that a convicted offender is at large after escape is not counted as service of the sentence, codifies the broader principle that a person's sentence for a crime will be credited for the time he was at liberty through no fault of the person. Applying the broader principle and not deciding whether he "escaped," we conclude that credit on Riske's sentence stopped on May 1, 1987, the date he was to have reported back to the jail. He failed to do so, and he was at liberty for the balance of his sentence through his own fault. Riske must serve the balance of his sentence, with credit only for the period April 6 through May 1 and any time served after his rearrest.

*By the Court.*—Order reversed in part and cause remanded with directions to credit defendant's sentence for the period April 6 through May 1, 1987 and for time actually served after his rearrest, and otherwise affirmed.

The Tenth Circuit reaffirmed the principle in *Hunter v. McDonald,* 159 F.2d 861, 862 (10th Cir. 1947).