Camille GARRETT, Records Supervisor, Department of Correction *v.* Larry McDONAGH

CR 90-123                                          796 S.W.2d 582

Supreme Court of Arkansas
Opinion delivered October 15, 1990

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellant.

No brief filed.

Tom Glaze, Justice. Twenty-four days of jailtime credit is the subject in dispute in this appeal. Larry McDonagh, appellee, was sentenced to a total of nine years imprisonment for his convictions of false imprisonment and battery. After sentencing, an "agreement" was made that the appellee would be released on his prior bond money until he could be transported to the Department of Correction. Under the terms of that "agreement," appellee could not leave his house without permission from the sheriff's department and was required to telephone and report to the department twice a week. After staying at home for twenty-four days, the appellee returned, as requested, to the sheriff's department so he could be transported to the Department of Correction.

The Department of Correction refused to give the appellee jailtime credit for the twenty-four days, reasoning that he was not in lawful confinement at the sheriff's department. Appellee filed a writ of mandamus in the trial court to compel the Department of Correction to give him the jailtime credit that he requested. The trial court granted the writ. As its sole issue on appeal, the appellant Department of Correction argues that giving the appellee credit for the twenty-four days violates Ark. Code Ann. § 16-93-610 (1987). We disagree, and therefore affirm.

This court has never addressed the issue of whether a

prisoner could receive jailtime credit for time he spent at his residence with his liberties restricted. Other state and federal courts, however, have applied similar statutes to time spent outside the usual prison confinement. *See* Annotation, *Defendant's Right to Credit for Time Spent in Halfway House, Rehabilitation Center, or Similar Restrictive Environment as a condition of Pretrial Release*, 29 A.L.R. 4th 240 (1984); *see, e.g., Nygren v. State*, 658 P.2d 141 (Alaska Ct. App. 1983) (defendant given credit for time she spent in a battered women's shelter); *Hart v. State*, 588 S.W.2d 226 (Mo. Ct. App. 1979) (defendant given credit for time spent in research hospital). *Contra Robinson v. State*, 828 F.2d 71 (2d Cir. 1987); *Villaume v. United State Department of Justice*, 804 F.2d 498 (8th Cir. 1986) (where federal courts, construing 18 U.S.C. § 3568, held no credit unless time spent in actual custodial incarceration, imprisonment or institutional confinement); *Heitman v. State*, 622 S.W.2d 760 (Mo. Ct. App. 1981) (defendant found not entitled to credit for time spent at his home where he was restricted to stay during nighttime hours and call the sheriff each night at 10:00 p.m.). In allowing jailtime credit for time spent outside a usual prison setting, states have focused on the degree to which a defendant's freedom is restricted. In the recent case of *State v. Riske*, 152 Wis. 2d 260, 448 N.W.2d 260 (Wis. Ct. App. 1989), the Wisconsin court awarded the defendant jailtime credit for the period of time he was out of jail because of an overcrowded jail, a condition that was no fault of defendant's.

In Arkansas, computation of a prisoner's sentence is controlled by § 16-93-610, which provides the following:

> (a) Time served shall be deemed to begin on the day sentence is imposed, not on the day a prisoner is received by the Department of Correction. It shall continue only during the time in which a prisoner is actually confined in a county jail or other local place of lawful confinement or while under the custody and supervision of the Department of Correction.
> (b) The sentencing judge, in his discretion, may direct, when he imposes sentence, that time already served by the defendant in jail or other place of detention shall be credited against the sentence.

■ As we are reminded by the appellant, we must construe statutes just as they read by giving the words their ordinary and usually accepted meaning. *Wilcox* v. *Safley Constr. Co.,* 298 Ark. 159, 766 S.W.2d 12 (1989).

■ Here, while appellee was not actually confined in a county jail awaiting his trip to the Department of Correction, he certainly was lawfully and continuously confined to his local place of residence until he was informed to report to the sheriff's department for his transportation. It is undisputed that the delay in time for appellee to report to the Department of Correction was not his fault, and he undisputably met the restrictions imposed upon him, requiring his restricted, uninterrupted confinement to his home. Accordingly, we believe the trial court was correct in finding appellee was entitled to credit for this twenty-four day period of confinement and granting the writ of mandamus enforcing that period of time.

For the above reasons, we affirm.