Mr. James L. Salkeld Director of Labor Arkansas Department of Labor 10421 West Markham Little Rock, AR 72205
Dear Mr. Salkeld:
This is in response to your request for an opinion on the following question:
 Does Ark. Code Ann. § 22-9-310 require the officer of the public body in charge of a public works project to keep payroll records on the workers employed by the contractor and each subcontractor on the project?
It is my opinion that the answer to this question is "no." Section 22-9-310 states in pertinent part as follows:
 The contractor and each subcontractor, and the officer of the public body in charge of the project, shall keep an accurate record showing the names, occupations, and hours worked of all workers employed by them, in connection with the public works, and showing the actual wages paid to each of the workers.
A.C.A. § 22-9-310(a) (1987).
It is well-established that the first rule in determining the meaning of a statute is to construe it just as it reads, and that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. See Garretv. McDonagh, 303 Ark. 348, 796 S.W.2d 582 (1990); Wilcox v.Safley Construction Co., 298 Ark. 159, 766 S.W.2d 12 (1989). Section 22-9-310(a) appears to be clear and unambiguous in requiring the contractor, subcontractor, and officer of the public body to keep the required records on "all workers employed by them. . . ." This language should not, in my opinion, be construed to require the officer of the public body to keep records on workers employed by the contractor and each subcontractor. Rather, the officer must keep the required records on all workers employed by the public body in connection with the public works.
A reading of the relevant minimum prevailing wage provisions as a whole, of which § 22-9-310 is a part, also supports this conclusion. Reference to these provisions is proper in determining legislative intent, because each section is to be read in light of every other section. See Chism v. Phelps,228 Ark. 936, 311 S.W.2d 297 (1958). In this regard, § 22-9-310
is part of Act 74 of 1969, as amended, which is codified at A.C.A. §§ 22-9-301—313 (1987). It is apparent from a reading of these Code sections that the records provision (§ 22-9-310) encompasses not only those public works projects that are awarded, by contract, to contractors and subcontractors, but also works constructed for public use that are under public supervision or direction. Particularly significant for purposes of construing § 22-9-310 is the fact that, in the latter situation, workers are employed by the public body engaged in the construction of the public works.[1] See A.C.A. §§22-9-301 (minimum wage to be paid to "all workmen employed by or on behalf of any public body engaged in the construction of public works, exclusive of maintenance work"); 22-9-302(7) (definition of "public works" includes "all works constructed for public use, whether or not done under public supervision or direction . . ."); 22-9-308(b)(2) (it is mandatory upon the public body, "if it is supervised work," to pay not less than the specified rates "to all workers employed by them"); and22-9-311(a) ("[a]ny worker employed by a public body or by a contractor or subcontractor who shall be paid for his services a sum less than the stipulated rates" may file a complaint with the Arkansas Department of Labor).
It is therefore my opinion that the language in § 22-9-310
regarding "workers employed by them" includes workers (other than part-time or full-time employees of the public body) employed by the public body in connection with a public works project. This conclusion is compelled by the clear language of § 22-9-310, and by the provisions cited above which clearly contemplate the public body's employment of workers in certain instances, e.g., where the work is done under public supervision. Section22-9-310(a) does not, in my opinion, require the officer of the public body to keep records on workers employed by the contractor and subcontractor(s).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] An exception applies in the case of "workers who are employed as part-time or full-time employees of any public body." A.C.A. § 22-9-303(a). The provisions of §§ 22-9-301—313 do not apply to such employees.