The Honorable Fletcher Long, Jr. Prosecuting Attorney First Judicial District 2216 N. Washington P.O. Box 989 Forrest City, AR 72335
Dear Mr. Long:
This is in response to your request for an opinion regarding A.C.A. §13-2-503 (1987), as it pertains to the library fund for a city public library. Your specific question is as follows:
 May the library submit one voucher for their entire budget for the year 1995 or must each voucher be accompanied by separate documentation as to the particular purchase or expenditure that that money has been used for?
It is my opinion that the submission of one "voucher" for the entire budget would not be consistent with A.C.A. § 13-2-503(a), wherein it states:
 All moneys received for library purposes, whether by taxation or otherwise, shall belong to and be designated as the library fund and shall be paid into the city treasury. The moneys shall be kept separate and apart from other funds of the city and drawn upon by the proper officers of the library upon the properly authenticated vouchers of the library board. [Emphasis added.]
I assume from your question that the proposed submission of "one voucher for [the library's] entire budget" would in effect be a means of drawing at one time the moneys necessary to fund the budget. The moneys would be drawn, presumably, in anticipation of expenditures in accordance with the budget.
It is well-established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face, and that words are to be given their ordinary and commonly accepted meaning in the absence of any indication of a different legislative intent.Garrett v. McDonagh, 303 Ark. 348, 796 S.W.2d 471 (1984). Applying these precepts, it must be initially recognized that the term "voucher" is generally defined as "a piece of supporting evidence[;] . . . a documentary record of a business transaction." Webster's Seventh NewCollegiate Dictionary 998 (1972). According to Black's Law Dictionary
(5th ed. 1979), when used in connection with disbursement of money, a "voucher" is "a written or printed instrument in the nature of an account, receipt, or acquittance, that shows on its face the fact, authority, and purpose of disbursement. A document that serves to recognize a liability and authorize the disbursement of cash." Black's at 1414.
It is thus apparent that the word "voucher," in a context such as A.C.A. § 13-2-503 involving the withdrawal of funds, usually denotes the existence of some obligation or liability. It is usually associated, in other words, with an invoice or a receipt, rather than simply a budget item. It must therefore be concluded that the plain language of §13-2-503 does not support a withdrawal of funds in the absence of some existing obligation. The library's budget would not, in my opinion, form a sufficient basis for a withdrawal from the fund.
It must also be noted that in accordance with § 13-2-502(a) the library officers are authorized to draw upon the library fund which is maintainedin the city treasury. This clearly signifies legislative intent for the funds to be disbursed by the city treasurer. But under the proposed method of withdrawing the funds based upon the budget, the library board would, in essence, be disbursing the funds rather than the treasurer. The funds would be withdrawn initially based upon the budget. Moneys would then be applied by the board to satisfy obligations as they arise. It is my opinion that this would be contrary to the voucher system envisioned under § 13-2-503.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh