The Honorable Armil O. Curran State Representative 210 West Main Street Clarksville, AR 72830-3019
Dear Representative Curran:
This is in response to your request for an opinion regarding the application of A.C.A. § 14-52-107 (1987) (uniform sick leave for law enforcement officers) under the following set of facts, as set forth in your correspondence:
 On January 18, 1996, the chief of police of Coal Hill was permanently laid off for `economic reasons' by the mayor of Coal Hill. On February 20, 1996, the city council of Coal Hill, by ordinance, disbanded the Coal Hill police department thereby depriving the chief of an opportunity to retire and receive compensation for his unused sick leave.
Your specific question in this regard is as follows:
 Under the law and circumstances described above, is the city of Coal Hill obligated to pay the former chief of police for his unused accumulated sick leave?
It is my opinion that the answer to this question is "no," based upon the language of subsection (c) of § 14-52-107, which states:
 If, at the end of his term of service, upon retirement or death whichever occurs first, any police officer has unused accumulated sick leave, he shall be paid for this sick leave at the regular rate of pay in effect at the time of retirement or death. Payment for unused sick leave in the case of a police officer, upon retirement or death, shall not exceed (60) days salary unless the city, by ordinance, authorizes a greater amount, but in no event to exceed ninety (90) days salary.
The first rule in determining the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Garrett v. McDonagh, 303 Ark. 348,796 S.W.2d 582 (1990). Legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face.Wilcox v. Safley Constr. Co., 298 Ark. 159, 766 S.W.2d 12 (1989). Applying these precepts, it must be concluded that an officer is to be paid for any unused accumulated sick leave only upon his or her retirement or death.See Combs v. Cheek, 283 Ark. 69, 671 S.W.2d 177 (1984). ("The statute creating the lump sum payment for unused accumulated sick leave, Ark. Stat. Ann. § 19-1720 [now A.C.A. § 14-52-107(c)], provides that it is payable only upon retirement [or death, following the 1985 amendment].")283 Ark. at 70-71.
Thus, termination of service under any circumstances other than retirement or death will not trigger this provision. See also Ops. Att'y Gen. 92-354 and 94-343. The plain language of § 14-52-107 dictates this conclusion. Because neither of these circumstances is present in the case at hand, there is no requirement that sick leave be paid to the former chief. This conclusion follows, in my opinion, notwithstanding the lay-off and subsequent disbanding of the department.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh