Mr. Richard A. Weiss, Director Department of Finance and Administration P.O. Box 3278 Little Rock, Arkansas 72203-3278
Dear Mr. Weiss:
This is in response to your request for an opinion on a follow-up question arising from Opinion 97-293, issued to you on January 15, 1998. In that opinion, I opined that "state employees are generally prohibited from entering into a professional or consultant services contract with a state agency, but state employees and members of their immediate family may, under limited circumstances, sell commodities and other services to the state." You have requested that I further clarify what services generally constitute "professional or consultant services" as opposed to other services. More specifically, you have asked:
 Is a contract entered into by a state agency to purchase the service of sign language interpreters for the deaf a "professional or consultant services" contract?
Initially, it must be noted that the construction of a contract is not properly within the scope of an Attorney General opinion; therefore, I cannot conclusively opine as to whether a particular contract constitutes a professional or consultant services contract. Such a determination will depend upon the particular facts, considered on a case-by-case basis. It is, however, my opinion that service as a sign language interpreter for the deaf would most likely be deemed by a court to be "professional in nature."
Arkansas Code Annotated § 19-4-1701 et seq. generally governs professional services and consultant services contracts. Section 19-4-1704 provides that "[t]he principal purpose of a professional services contract or a consultant services contract shall be the procurement of the services of an individual by the state agency rather than the procurement of commodities." Further, A.C.A. §§ 19-4-1702 and 19-4-1703 provide definitions for the phrases "professional services contract" and "consultant services contract." Section 19-4-1702 provides:
 (a) A professional services contract between a state agency and a contractor is a contract in which the relationship between the contractor and the agency is that of an independent contractor rather than that of an employee. The services to be rendered consist of the personal services of an individual which are professional in nature. Under such contracts, the agency does not have direct managerial control over the day-to-day activities of the individual providing the services, and the contract shall specify the results expected from the rendering of the services rather than detailing the manner in which the services shall be rendered. Services rendered under a professional services contract may be rendered to the agency itself or to a third party beneficiary.
 (b) Any contract under which the agency retains day-to-day managerial control over the person performing the services or in which the relationship between the contractor and the agency is that of employer and employee is not a professional services contract is illegal and expressly prohibited. However, the Department of Computer Services is authorized to employ persons over which they exercise day-to-day managerial control as specified under § 25-4-112 for which such services as a professional services contract may be utilized.
Arkansas Code Annotated § 19-4-1703 provides:
 A consultant services contract is a contract between a state agency and an individual or organization in which the service to be rendered to the agency or to a third party beneficiary under the contract is primarily the giving of advice by the contractor on a particular problem facing the agency or the third party beneficiary. The contractor shall have the relationship of an independent contractor with respect to the agency. The agency shall not exercise managerial control over the day-to-day activities of the contractor, but the contract shall specify the results expected from the services to be rendered by the contractor and the advice or assistance to be provided.
Further, A.C.A. § 19-4-1701(2) provides in part that contractor means "any person or organization which executes a contract with a state agency under which the person or organization agrees to provide professional services or consultant services to the agency[.]"
It does not appear that the services of a sign language interpreter would involve the giving of advice on a particular problem facing an agency; therefore, a contract entered into by a state agency to purchase the services of a sign language interpreter is most likely not a consultant services contract. With regard to a professional services contract, the critical issue is whether the contract in question is for the "personal services of an individual which are professional in nature." I assume that the remaining requirements of A.C.A. § 19-4-1702 are satisfied; otherwise, the contract would be an employment contract pursuant to A.C.A. § 19-4-1702(b).
The phrase "professional in nature," as it appears in A.C.A. § 19-4-1702, has not been defined by the legislature, and this office cannot provide a controlling definition of a term where the legislature has not seen fit to provide one. See Op. Att'y Gen. 97-334. It should, however, be noted that under established rules of statutory construction, it will always be presumed in the absence of a controlling definition that the legislature intended to use words in their ordinary and usually accepted meaning. See Garrett v. McDonagh, 303 Ark. 348,796 S.W.2d 582 (1990). Black's Law Dictionary (5th ed. 1979) defines "profession" in part as "[a] vocation or occupation requiring special, usually advanced, education and skill." It is also noted that "[t]he labor and skill involved in a profession is predominantly mental or intellectual, rather than physical or manual." In light of the foregoing, it may reasonably be concluded that the services of a sign language interpreter fall under the category of professional services. In short, it appears from your letter that a particular agency is concerned with the procurement of the services of an individual or individuals, A.C.A. § 19-4-1704, that are professional in nature, A.C.A. § 19-4-1702.
Finally, with regard to your reference to "other services," it should be noted that the Arkansas Purchasing Law defines "services" as follows:
 "Services" means the furnishing of labor, time, or effort by a contractor, not involving the delivery of a specific end product other than reports which are merely incidental to the required performance. This term shall not include employment agreements, collective bargaining agreements, exempt commodities and services, or architectural or engineering contracts requiring approval of State Building Services;
A.C.A. § 19-11-203(23) (emphasis supplied). Professional and consultant services procured in accordance with A.C.A. § 19-4-101 et seq. are considered exempt commodities and services. See A.C.A. § 19-11-203(14).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh