The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, AR 72173-9335
Dear Representative Scroggin:
I am writing in response to your request for an opinion on the following question:
 Is it legal for a city to buy back a portion of unused sick time for currently employed uniformed employees?
RESPONSE
I am somewhat uncertain as to the precise course of action proposed under your question. This office has previously concluded, however, that police officers and fire fighters are to be paid for their unused accumulated sick leave only upon their retirement or death. In my opinion, a city's payment for unused sick leave under any other circumstances would be contrary to state law. Additionally, because sick leave is payable only upon retirement or death, it must be concluded that officers who leave employment for any reason other than retirement or death will forfeit their unused sick leave. Accordingly, if your question contemplates a city buying back sick leave that an employee accumulated during previous employment with the city, it is my opinion that this would also be contrary to law.
Sick leave for municipal law enforcement officers and fire fighters is governed by A.C.A. §§ 14-52-107 (Repl. 1998) and 14-53-108 (Repl. 1998), respectively. So-called "unused accumulated sick leave"[1] is addressed in these Code sections as follows:
 If, at the end of his term of service, upon retirement or death
whichever occurs first, any police officer has unused accumulated sick leave, he shall be paid for this sick leave at the regular rate of pay in effect at the time of retirement or death. Payment for unused sick leave in the case of a police officer, upon retirement or death, shall not exceed sixty (60) days salary unless the city, by ordinance, authorizes a greater amount, but in no event to exceed ninety (90) days salary.
A.C.A. § 14-52-107 (c) (emphasis added).
 (1) If, at the end of his term of service, upon retirement or death,
whichever occurs first, any fire fighter has unused accumulated sick leave, he shall be paid for this sick leave at the regular rate of pay in effect at the time of retirement or death.
 (2) Payment for unused sick leave in the case of a fire fighter, upon retirement or death, shall not exceed three (3) months' salary unless the city, by ordinance, authorizes a greater amount, but in no event to exceed four and one-half (4 1/2) months' salary.
A.C.A. § 14-53-108 (c) (emphasis added).
These provisions very clearly condition payment for any unused accumulated sick leave upon the individual's retirement or death. AccordCombs v. Cheek, 283 Ark. 69, 671 S.W.2d 177 (1984). See also Op. Att'y Gen. Nos. 98-182, 96-145, 94-395, 94-354, and 92-343. In my opinion a city may not, consistent with these provisions, pay for uniformed employees' unused sick leave under any other circumstances.[2] As a "fringe benefit," sick leave of municipal employees is a "state affair" subject to the general laws of the state, rather than a "municipal affair." A.C.A. § 14-43-601 (a) (1) (F) and (G) (Repl. 1998). Municipalities may only exercise local legislative authority over "state affairs" if not in conflict with state law. Id. at (a) (2).
In responding to this question regarding "buy[ing] back" unused sick leave, it should perhaps also be noted that because A.C.A. §§ 14-52-107
(c) and 14-53-108 (c), supra, are limited to officers who retire or who die, it must be concluded that officers who leave employment for any reason other than retirement or death will forfeit their unused sick leave. Accord Op. Att'y Gen. 98-182. Consequently, if your question contemplates a city paying for previously accumulated sick leave, i.e., accumulated under the employees' previous employment with the city, it is my opinion that the answer is "no." Such payment would not be legal, in my opinion.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Unused sick leave accumulates in accordance with A.C.A. §§ 14-52-107
(a) (2) and 14-53-108 (a) (2).
[2] Compare A.C.A. § 6-17-1207 (Repl. 1999) (part of the Teachers' Minimum Sick Leave Law, authorizing school districts to decide whether to compensate teachers for unused sick leave and requiring that these payments be made from their salary funds). See Turnbough v. Mammoth SpringSchool Dist. No. 2, 74 Ark. App. 107, 45 S.W.3d 430 (2001), aff'd.349 Ark. 341, 78 S.W.3d 89 (2002).