Cite as 2021 Ark. App. 274

# ARKANSAS COURT OF APPEALS
### DIVISION II
No. CR–20–452

| | |
|---|---|
| PRESTON JOHNSON<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered** June 2, 2021<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-17-861]<br><br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br>MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

## BRANDON J. HARRISON, Chief Judge

The Saline County Circuit Court found that Preston Johnson violated the terms and conditions of his suspended imposition of sentence and sentenced him to three years in prison. Johnson's counsel has filed a brief stating that an appeal would be wholly frivolous and asks for permission to withdraw as counsel. Johnson did not file pro se points.

We order rebriefing and deny the motion to withdraw. Arkansas Supreme Court Rule 4–3(k)(1) (2020) requires counsel to list all adverse rulings. Full compliance with the rule is required. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. Here, Johnson's counsel missed discussing an arguable adverse ruling. At the conclusion of the revocation hearing, defense counsel asked the circuit court whether Johnson would get credit for the two-year sentence that he had served already. The court replied, "I'm giving him credit for 24 months because that was his initial ADC sentence, followed by 36 months SIS. *I don't think*

*I have to give him any jail credit other than what he's spent in Saline County Jail.*" (Emphasis added.)

Additionally, Rule 4–3(k)(1) requires counsel to file a brief containing an "argument section . . . with an explanation as to why each adverse ruling is not a meritorious ground for reversal." To protect the appellant and the judicial process, both counsel and this court perform a full examination of the proceedings to determine if an appeal would be wholly frivolous. *Anders v. California*, 386 U.S. 738 (1967). In addition to overlooking an arguable adverse ruling, the no-merit brief does not adequately explain the court's decision to revoke Johnson's SIS. By this we mean that counsel has failed to address all potential grounds for reversal and explain why an appeal would be wholly frivolous.

First, counsel argues that there is no merit to challenging Johnson's failure to report, which he characterizes as an "absconding" violation. But Johnson's SIS conditions did not require him to report to a supervising officer. Second, counsel argues that the circuit court had the power to revoke Johnson's SIS because he failed to attend a drug-rehabilitation program. Yet the State's petition did not plead any revocation ground related to a drug-rehabilitation program. Third, counsel does not explain why Johnson's positive drug tests could or could not support the court's decision to revoke. An explanation on this point is required because the State alleged in its petition that Johnson violated the terms of his suspended sentence by using controlled substances. Fourth, the brief does not address the State's allegation that Johnson violated the terms of his SIS when he failed to notify the Prosecuting Attorney's Office within twenty-four hours of his arrest.

Counsel's jurisdictional statement and statement of the case do not fill the gap. The jurisdictional statement uses the wrong name for the appellant. Counsel states the appeal is for "Jeremy Tutt" instead of "Preston Johnson." And counsel (twice) states that Johnson's probation was revoked. Johnson was never placed on probation. Moreover, in his statement of the case, counsel incorrectly states that Johnson was sentenced to ninety months' imprisonment. He was sentenced to thirty-six months' imprisonment. And although the no-merit brief asserts that Johnson's sentence was within the statutory limits for possession of firearms by a certain person, it fails to identify the statutory range for the crime or the standard of review for an appeal.

This court expects more from attorneys who file briefs on appeal, especially in criminal cases when a defendant's freedom and personal reputation are most certainly on the line. We caution that this is not necessarily an exhaustive list of deficiencies. Counsel should carefully examine the record and review the rules before filing a substituted brief within fifteen days of this opinion. If a no-merit brief is filed, counsel's motion and brief will be forwarded by this court's clerk to Johnson so that he can raise any points he chooses. The Attorney General's Office will also be given the opportunity to file a responsive brief for the State if it so chooses.

Motion to withdraw denied; rebriefing ordered.

VIRDEN and KLAPPENBACH, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III* and *Vicram Rajgiri*, for appellant.

One brief only.