Cite as 2021 Ark. App. 431

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-452

| | |
|---|---|
| | **Opinion Delivered** November 10, 2021 |
| PRESTON JOHNSON | |
| APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-17-861] |
| V. | HONORABLE GRISHAM PHILLIPS, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

The Saline County Circuit Court found that Preston Johnson had violated the conditions of his suspended imposition of sentence (SIS) and sentenced him to three years' imprisonment. He now appeals, arguing that the circuit court should have granted him jail-time credit for the time he served the suspended sentence. We affirm.

In January 2018, Johnson pled guilty to a charge of possession of firearms by certain persons, and he was sentenced to two years' imprisonment followed by three years' SIS. In December 2019, the State moved to revoke Johnson's SIS, alleging that he had violated the conditions of his SIS by (1) absconding from parole supervision from November 2018 to March 2019 and from June 2019 to November 2019; (2) being arrested and charged with possession of methamphetamine and failing to notify the prosecuting attorney's office of his arrest; and (3) using controlled substances, specifically amphetamines.

The circuit court convened a revocation hearing on 24 January 2020. Officer

Baneffa Townsend, a parole and probation agent, testified that she was Johnson's supervisor and that Johnson was on parole and had an SIS. She explained that Johnson had been released from the Arkansas Department of Corrections (ADC) in July 2018 and that since that time, he had absconded from supervision four times, had tested positive three times for amphetamines, and had been dropped from recommended substance-abuse treatment due to lack of attendance.

Corporal Joey Shamlin, an officer with the Saline County Sheriff's Department, testified that he came into contact with Johnson in March 2019 after Johnson's name "popped up" in a narcotics investigation. Shamlin and other officers went to Johnson's residence, and after observing Johnson pull into his driveway, Shamlin pulled in behind him. Shamlin placed Johnson under arrest because he had an absconder warrant. Corporal James Bell, also at the scene, interviewed a female passenger in Johnson's vehicle, and she told Bell that Johnson had methamphetamine in the vehicle. Bell found a small baggie of what was believed to be methamphetamine in the hiding place described by the passenger. Finally, Deputy Tyler Lovell testified that he took possession of the substance found in the vehicle and submitted it to the crime lab. The results showed the substance was methamphetamine weighing around two and a half grams.

The court found that Johnson had violated the terms of his SIS and sentenced him "to serve the remainder of your SIS term which is 36 months." The following colloquy then occurred:

> DEFENSE COUNSEL: And Judge, for clarification so that would be three years minus whatever time he's already done in the Department of Corrections?

2

THE COURT:　　　Well, I'm giving him credit for the 24 months because that was his initial ADC sentence, followed by 36 months SIS. I don't think I have to give him any jail credit other than what he's spent in Saline County jail.

DEFENSE COUNSEL: So that would be a three-year sentence from today?

THE COURT:　　　That's my understanding. . . . [H]e gets credit for the first 24 months that he was sentenced to on 1/19 of '18, 36 months was suspended and that's what I'm imposing is just the period of time that was suspended.

Johnson now appeals.

Johnson argues that the circuit court erred in not granting him credit for time served on his suspended sentence.[1] He asserts that credit for time served is not limited to time spent in the custody of a state-run facility such as jail or prison and cites *Garrett v. McDonagh*, 303 Ark. 348, 796 S.W.2d 582 (1990), which decided whether a prisoner, after his conviction, could receive jail-time credit for time he spent at his residence with his liberties restricted while waiting to be transported to the ADC. In *Garrett*, our supreme court held that the circuit court did not err in granting a defendant credit for a twenty-four-day period of confinement in his home.

Johnson argues that his SIS, while not supervised, nevertheless restricted his liberties similarly to the defendant in *Garrett*. Specifically, he contends that he was required to "submit to and was obligated for the expense of any treatment program deemed necessary by the Court and that he must participate in programs like NA or AA if those programs

---

[1]Johnson's counsel originally submitted a no-merit brief and asked to withdraw as counsel, but this court denied counsel's request and ordered rebriefing. *Johnson v. State*, 2021 Ark. App. 274.

were deemed necessary[.]" Thus, he was "restricted in his liberties including, but not limited to his right to choose treatment." Johnson explains that he served his SIS from 25 July 2018 until the revocation hearing on 24 January 2020 and argues that he should receive jail credit for that time, a total of 548 days.

We hold that Johnson's argument is not preserved for our review. At the circuit court level, a generous reading of the colloquy above shows that Johnson requested jail-time credit for the time he served in the ADC. On appeal, he makes a completely different argument and requests credit for the time he spent serving his SIS. Parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of the objections and arguments made before the circuit court. *Craven v. State*, 2019 Ark. App. 271, 577 S.W.3d 42; *see also Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909 (holding that argument regarding denial of jail-time credit cannot be raised for the first time on appeal).

Affirmed.

VIRDEN and GRUBER, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones II* and *Vicram Rajgiri*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.